## FLOWERS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11242.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1945.

James N. Ogden, of Mobile, Ala., for petitioner.

Helen Goodner, Sewall Key, Mamie S. Price, and Robert N. Anderson, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income taxes for the calendar years 1939 and 1940. The question presented is whether deductions taken by the taxpayer for traveling expenses between Jackson, Mississippi, his place of residence, and Mobile, Alabama, his principal place of employment, and living expenses while in Mobile, are allowable, under the provisions of Section 23 (a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 23(a) (1), as traveling expenses while away from home in the pursuit of a trade or business. The Tax Court sustained the Commissioner's disallowance of the deductions.

The taxpayer was born in Mississippi, and has been a citizen of that state all of his life. Early in his career as a lawyer, he moved to Jackson, and has lived there with his family since 1903. The house that constitutes his present residence is on the same plot of ground where he has lived since 1912. He built that house and, in the usual and ordinary meaning of the

---

word, it is his home. In a broader sense, Jackson may be called his home. His church and club affiliations are there; he has been a qualified voter in Jackson since 1903; there he pays all of his taxes; there, each year since 1903, he has duly paid his license fee to practice law, the only business or profession he has ever had. Since he entered private practice, he has always been a member of a law firm in Jackson, and he is now the senior member of the firm of Flowers, Brown, and Hester, which firm he organized in 1922.

During the years 1939 and 1940, the taxpayer was general counsel and vice-president of the Gulf, Mobile & Ohio Railroad Company, and was in charge of the law business of that company. His duties were of a purely legal nature, and his principal office was in Mobile, Alabama. As an attorney, he had been connected with this company and its predecessors for many years, but had continued to reside in Jackson and to retain his law office there. This was satisfactory to the company, provided he paid his own traveling expenses to and from Mobile and his living expenses while in each of the two cities. During 1939 he spent 203 days in Jackson and 66 in Mobile, making 33 trips between the two places; during 1940 he spent 168 days in Jackson and 102 in Mobile, making 40 trips. In his income tax returns, he deducted his traveling expenses incurred on those trips. He received no professional income in those years except from the railroad company.

In addition to social reasons, the petitioner had a substantial business purpose in maintaining his home and law office in Jackson. It takes time to acquire a general law practice, and the good will of clients is the most valuable asset a lawyer can have. While his present position with the railroad company seems permanent, he must be elected each year; and there is inherently an element of uncertainty in such a situation. He wanted to keep his professional connections as far as he could, so that he would have a place to go and something to do if he should resign or not be reelected at any time. He could not afford to sever all connections with his clients and acquaintances of many years. He was willing to undergo the hardships of travel and to pay his own expenses, but he declined to move his home or to surrender the good will of his business.

■ There is no dispute in this case about the facts; the question before us is one of law; the decision turns at last upon the meaning of the word *home* in Section 23(a) (1) of the Internal Revenue Code. The Tax Court held that *home,* as used in this section, means the post, station, or place of business, where the taxpayer is employed; and that on these trips the petitioner was not away from home in the pursuit of a trade or calling.

We find no basis for this interpretation. There is no indication in the statute of a legislative intention to give the word an unusual or extraordinary meaning. For the court to do so would be an invasion of the legislative domain. We think the word *home* as used in the statute means that place where one in fact resides. Home is the fundamental idea of domicile, and yet there is a difference in the legal conception of the two words. Domicile expresses the legal relation existing between a person and the place where he has his permanent home in contemplation of law. Home denotes the principal place of abode of one who has the intention to live there permanently.

A commuter is not deemed away from home while going to and from his work in a nearby town or city; but the petitioner was not a commuter; the cheapest and most convenient means of transportation for him was by way of New Orleans, which was a long and arduous trip, where one often missed connections and had to spend the night in a hotel. If Mobile was the taxpayer's home because his principal post of duty was there, then he either had two homes or he was away from home when he was in Jackson on railroad business. If he had only one home, then with his domicile and citizenship in Mississippi, his home would be in Alabama; at his office in Mobile, he would be at home; at his domicile in Jackson on company business, he would be away from home; but in our view it is unnecessary to indulge in these speculations.

■ The Government contends that the principal place of employment is a question of fact in each case. Conceding as a matter of fact that the taxpayer's principal office was in Alabama, and that his principal duties were performed there, nevertheless a question of law is presented as to the statutory meaning of the word home. The undisputed facts show that petitioner's

home was in Mississippi unless the statute fixes it at the place of employment. There are no facts in this record sufficient to support a finding that the petitioner's home followed his vocation to another state; there is no legal requirement to induce this conclusion; the income-tax statutes envisage a home in which the producer lives with his dependents. When at home, he is allowed to deduct sums estimated to be sufficient to provide him and his dependents with the necessaries of life. While away from home in pursuit of a trade or business, he is allowed to deduct traveling expenses, including the entire amounts expended for meals and lodging.[1]

The decision of the Tax Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] Coburn v. Commissioner of Internal Revenue, 2 Cir., 138 F.2d 763; Wallace v. Commissioner of Internal Revenue, 9 Cir., 144 F.2d 407.