## CHESTER DISTRIBUTING CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

## COOPER v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 10178, 10179.

United States Court of Appeals Third Circuit.

Argued Oct. 5, 1950.

Decided Oct. 10, 1950.

John C. Ristine, Washington, D. C. (Maude Ellen White, Washington, D. C., Miller & Chevalier, Washington, D. C., on the brief), for petitioners.

Edward J. P. Zimmerman, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, A. F. Prescott, Special Assistant to the Attorney General, on the brief), for appellee.

Before ALBERT LEE STEPHENS, GOODRICH and STALEY, Circuit Judges.

PER CURIAM.

In these appeals the taxpayers complain of the failure of the Tax Court to allow the amounts claimed as deductions for ordinary and necessary business expenses for the tax years in question. Int. Rev.Code, § 23(a) (1) (A), 26 U.S.C.A. § 23(a) (1) (A). The individual appellant is an officer and chief salesman of the corporate defendant, a beer distributor. The Tax Court allowed some of the amounts claimed, but not, according to the taxpayers, as much as they were entitled to. The questions presented are questions of fact. We are entitled to reverse the Tax Court on questions of fact if its findings are clearly erroneous, but not because of our disagreement with it on a particular factual issue. Int.Rev.Code, § 1141(a), 26 U.S.C.A. § 1141(a); Fed.R.Civ.P. 52(a), 28 U.S.C.A.

It may well be that a question of what is "ordinary and necessary" in a business man's expenditures is not a subject appropriate for litigation. But it is there and some court must pass on it. The Tax Court having done so, there is nothing for an appellate court to review when the conclusion has evidence to support it, as it has here.

The decisions of the Tax Court will be affirmed.