## AMOROSO v. COMMISSIONER OF INTERNAL REVENUE.

No. 4594.

United States Court of Appeals
First Circuit.

Jan. 8, 1952.

Sumner W. Elton, Boston, Mass., for petitioner.

Hilbert P. Zarky, Sp. Asst. to Atty. Gen. (Ellis N. Slack and Virginia H. Adams, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before MAGRUDER, Chief Judge and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This case arises on taxpayer's petition for review of a decision of the Tax Court of the United States entered May 15, 1951. It involves a deficiency of income tax for the year 1945 in the amount of $1,053.90 and is brought pursuant to Section 1141(a) of the Internal Revenue Code as amended by Section 36 of the Act of June 25, 1948, 26 U.S.C.A. § 1141(a).

The petitioner's statement of points is as follows:

"(1) The Court erred in disallowing any item of the petitioner's business expense, as not having actually been incurred or as having been unnecessary or unreasonable, for the reason that there was no evidence tending to contradict the petitioner's evidence in any of these respects.

"(2) The Court erred in disallowing about one-third of the petitioner's expense for cost of meals on the ground that they were consumed within the area of Metropolitan Boston for the reason that the petitioner had no office or business residence at any place within that area other than at his home in Milton."

The petitioner during the taxable year 1945 lived in Milton, Massachusetts. He was a manufacturers' representative in the automotive industry, selling their parts and equipment on a commission basis to automotive wholesalers throughout New England. He maintained an office in his home at Milton although he did have a telephone listed to his name in Boston.

He planned his work so that generally he left home on a Monday and returned on Thursday or left home on Tuesday and returned on Friday, spending Friday and Saturday or Saturday and Monday calling on customers in the Metropolitan Boston area.

The amount deducted by him in his returns as a business expense for the cost of meals represented the cost of meals wherever consumed in New England, including those consumed in Boston.

Petitioner's chief reliance, in substantiating his deductions, is upon his "Easy-To-Keep Salesmen's Expense Record," although he also submitted receipts for some expenditures.

The Tax Court held that "The amounts expended for meals in this area (Greater Boston area) are not traveling expenses incurred while away from home in the pursuit of a trade or business, deductible under the provisions of Section 23(a) [26 U.S.C.A. § 23(a)]. They represent personal expenses within Section 24(a) (1), Internal Revenue Code [26 U.S.C.A. § 24 (a) (1)] and are not deductible."

Petitioner argues that disallowance of the cost of meals consumed by him within the area of "Greater Boston" was error for the reason that his residence and business headquarters were both situated in Milton. He maintains that any expense actually, necessarily and reasonably incurred by the petitioner traveling in pursuit of his or his principals' business while away from the Town of Milton is deductible as a business or traveling expense.

The petitioner claims $1,676.25 as a deduction for meals and in oral argument stated that the item of meals is the principal point in this case. The Tax Court allowed him $1,224.00 of the amount claimed. Presumably the Tax Court calculated the latter figure by allowing approximately 8/11th (4 days of the petitioner's work-week of 5½

days) of the $1,676.25 as a deduction. The amounts spent during the other 3/11ths (1½ days) of the petitioner's work-week were not allowed apparently because they were expended for meals in the Greater Boston area. The Tax Court found that "The petitioner's home and principal place of business was located in the Greater Boston area."

The question presented involves § 23(a) (1) (A) of the Internal Revenue Code, as amended, 26 U.S.C.A. § 23(a) (1) (A) [1] and we are confronted squarely with the question as to whether or not the expenditures for meals during said 1½ days each week was an expense which satisfies the test laid down in Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203. There the Court said, 326 U.S. at pages 470, 472, 66 S.Ct. at page 252:

"Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23(a) (1) (A):

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade.

\*     \*     \*     \*     \*     \*

"\* \* \* Failure to satisfy any one of the three conditions destroys the traveling expense deduction."

As we understand the petitioner's argument he is "away from home" when he leaves the town limits of Milton. This may be true in a literal sense but there are other factors to be considered such as remoteness and distance from home, the intent of Congress, previous construction of the statute and in general the reality of the situation. We do not agree that the petitioner is "away from home" in the tax sense when he steps over the boundary of Milton. The finding of the Tax Court appears reasonable in the circumstances here. We believe that the petitioner has failed to show that the expenditure for meals, disallowed by the Tax Court, are deductible. That the meals were purchased within a reasonable radius from petitioner's home is clear. The City of Boston is approximately 10 miles from Milton. The petitioner's telephone exchange, "Bluehills", is listed on the reverse side of his telephone bills as being within the "Central Offices of Boston and vicinity." The petitioner was near enough to his home so that he could return there from Boston without extensive travel. See Alvin A. Hathaway, § 44,369 P-H Memo TC 1944, (Vol. 13, p. 1318); Bennie Blatt, § 47,020 P-H Memo TC 1947, (Vol. 16, p. 77); Arthur L. Fairley, § 48,144 P-H Memo TC 1948, (Vol. 17, p. 459). Petitioner's situation resembles that of a commuter when he is in the Boston area. Commuters' expenses are not allowed as deductions. See Beatrice H. Albert, 13 T.C. 129.

The cases cited by the petitioner are distinguishable and aid little in the determination of the meals deduction issue. However, they emphasize the idea that distance is an important factor in satisfying the "while away from home" requirement. Thus in Joseph W. Powell, 34 B.T.A. 655, the distance was between Boston and New York. In Coburn v. Commissioner of Internal Revenue, 2 Cir., 138 F.2d 763,

1. "§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:

"(a) *Expenses.*

"(1) *Trade or business expenses.*

"(A) *In general.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; \* \* \*."

586

the distance was between New York and Los Angeles. In Flowers v. Commissioner of Internal Revenue, 5 Cir., 148 F.2d 163, reversed 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, rehearing denied 326 U.S. 812, 66 S.Ct. 482, 90 L.Ed. 496, the distance was between Mobile, Alabama and Jackson, Mississippi. In Wallace v. Commissioner of Internal Revenue, 9 Cir., 144 F.2d 407, the distance was between San Francisco and Hollywood.

We conclude that the Tax Court was not clearly wrong in its finding that the petitioner's home and principal place of business were located in the Greater Boston area; that the expenditures for meals made in this area are not "expenses incurred while away from home in pursuit of a trade or business." The burden of showing that he is within the statutory provisions as to deductions is on the petitioner. Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Bercaw v. Commissioner of Internal Revenue, 4 Cir., 165 F.2d 521, 525.

The petitioner's contention is without merit where he states that the disallowance of certain expenses was a denial of due process of law for the reason that the judge by whom the decision was rendered did not preside at the trial, the judge who heard the case having died. It is an unfortunate situation but here the petitioner was the only witness so there was no problem of selecting between the conflicting testimony of various witnesses. We are not convinced that the judge of the Tax Court by whom the case was decided "passed expressly upon the credibility of the petitioner", who was the sole witness. It does not appear to us that the credibility of the petitioner was questioned or involved in the Tax Court's determination of the case. We find no error in the procedure adopted in the circumstances here. See Halle v. Commissioner of Internal Revenue, 2 Cir., 175 F.2d 500, certiorari denied 338 U.S. 949, 70 S.Ct. 485, 94 L.Ed. 586; Seaside Improvement Co. v. Commissioner of Internal Revenue, 2 Cir, 105 F.2d 990, certiorari denied 308 U.S. 618, 60 S.Ct. 263, 84 L.Ed. 516; Foss v. Commissioner of Internal Revenue, 1 Cir., 75 F.2d 326; Powell v. Commissioner of Internal Revenue, 1 Cir., 94 F.2d 483; St. Louis Southwestern Ry. Co. v. Henwood, 8 Cir., 157 F.2d 337, certiorari denied 330 U.S. 836, 67 S.Ct. 969, 91 L.Ed. 1283, rehearing denied Meyer v. Henwood, 331 U.S. 870, 67 S.Ct. 1749, 91 L.Ed. 1872.

It appears to us from the record that the petitioner has been treated fairly in the matter of his deductions. About 80% of his claimed deductions were allowed. The approximations made by the Tax Court were liberal. See Marx v. Commissioner of Internal Revenue, 1 Cir., 179 F.2d 938, certiorari denied 339 U.S. 964, 70 S.Ct. 999, 94 L.Ed. 1373. The findings of fact by the Tax Court, not being clearly erroneous, will not be disturbed. Chester Distributing Co. Inc., v. Commissioner of Internal Revenue, 3 Cir., 184 F.2d 514.

The decision of the Tax Court is affirmed.