**William P. SCHREINER and Ruth Schreiner, Plaintiffs,**

v.

**James L. McCRORY, District Director of Internal Revenue, Defendant.**

**Civ. No. 0563.**

United States District Court
D. Nebraska.
Aug. 18, 1960.

Jack W. Marer, Omaha, Neb., for plaintiffs.

William C. Spire, U. S. Atty. for Dist. of Nebraska, and Thomas J. Skutt, Asst. U. S. Atty., Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

This is an action for the refund of income taxes in the amount of $662.92, together with interest, representing the amount paid by plaintiffs as the result of a deficiency assessment in their income taxes for the year 1954. The additional tax involved was paid on December 24, 1957, the claim for refund was filed on January 22, 1958, and was rejected on March 12, 1958. This action was timely filed on April 18, 1958.

The sole issue presented here is whether the amounts incurred for traveling expenses by the plaintiff William P. Schreiner in the year 1954 were deductible under the provisions of Section 162 (a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a). That Section, insofar as applicable here, provides as follows:

"(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;

"(2) *traveling expenses* (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *."

In order to be allowed as deductions for income tax purposes under Section 162(a), the plaintiffs have the burden of proving that the trade or business expenses were:

1. ordinary, reasonable and necessary;

2. that they were incurred away from home;

3. that they were incurred in pursuit of the taxpayer's business; and

4. that the expenses were not reimbursed.

Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 470, 66 S.Ct. 250, 90 L.Ed. 203; Baltimore Dairy Lunch, Inc. v. United States, 8 Cir., 231 F.2d 870; Heil Beauty Supplies, Inc. v. Commissioner, 8 Cir., 199 F.2d 193.

The facts are not in dispute and so far as here pertinent are substantially as follows: Plaintiffs were married on February 14, 1942. They immediately took up residence in Omaha, Nebraska, and they have maintained their home in Omaha since that date. Various exhibits were introduced in evidence showing that plaintiffs have made their home in an apartment in Omaha; that their automobile was registered in Omaha; that their insurance, both on household goods and their automobile, lists Omaha as their home; that all local, state and federal taxes have been filed and paid at Omaha and show Omaha as their home; and various other documentary evidence showing plaintiffs' residence and home as Omaha, Nebraska.

Mrs. Schreiner has been employed by the World Insurance Company at its home office in Omaha, Nebraska, for over 20 years and she has an executive position with that company. Mr. Schreiner first became associated with the World Insurance Company in August, 1947. Under the terms of, his agreement with the company he was to be a field representative and work in any state in which the World Insurance Company was authorized to do business. At various times during his employment he entered into contracts with general agents of the World Insurance Company in the different states and his contracts were on a strictly commission basis. He paid for

all of his traveling expenses while working away from his home in Omaha and he was not reimbursed by the company. During the year 1954, he did not receive a salary from World Insurance Company, but worked on a commission basis.

The parties have stipulated that the expenses in the amount of $2286.03, disallowed by the Commissioner for the year 1954, were actually expended by the plaintiff William F. Schreiner for travel expenses in the performance of his occupational duties. The parties have further stipulated that these expenses were ordinary, reasonable and necessary, and were incurred while Mr. Schreiner was away from Omaha, Nebraska; that they were necessary to the development of his trade or business; and that the expenses were not reimbursed to him by his employer or any general agent for the company.

The evidence is not disputed that Mr. Schreiner's work was that of a field consultant, policyholders' service, soliciting insurance, assisting in the conservation of insurance and aiding in the obtaining of new insurance agents whenever and wherever he was assigned by his company. During the year in question Mr. Schreiner was directed to work in the states of Colorado, Iowa, Missouri, Nebraska and Kansas. During the year 1954, Mr. Schreiner worked 248 days in the State of Colorado, 61 days in the State of Nebraska, and 20 days in the State of Iowa. The evidence shows that during the year 1954, Mr. Schreiner, while away from his home on business, stayed in hotels and motels; that he worked and stayed at various times during 1954, at Denver, Fort Morgan, Colorado Springs and Pueblo, Colorado; that his work was on a temporary basis in these locations; that he registered as a guest with sleeping accommodations on a daily basis only; and that he checked out of the particular hotel or motel where he was staying when he returned to Omaha, Nebraska, on business or for the weekend.

The issue here resolves itself into whether plaintiff William Schreiner's "home" was at Omaha, Nebraska, or whether it was at his place of business employment in 1954, insofar as income tax deductions for travel expenses were concerned.

It is the government's position that the word "home" means the principal place of business or post of employment and that a taxpayer may not keep his place of residence at a point where he is not engaged in a trade or business and take a deduction for traveling expense while away from there. The government contends that since William Schreiner spent the greater part of his working time during the year 1954, in Denver, Colorado, and earned the greater part of his income there, his "tax home" for purposes of determining the deductibility of traveling expenses was Denver, Colorado.

The parties have not cited and the Court has not found any case decided by the Circuit Court of Appeals for the Eighth Circuit which is determinative of this question.

In Commissioner of Internal Revenue v. Flowers, 1945, 326 U.S. 465, 471, 66 S.Ct. 250, 253, 90 L.Ed. 203, the Supreme Court pointed out:

"The meaning of the word 'home' in § 23(a)(1)(A) with reference to a taxpayer residing in one city and working in another has engendered much difficulty and litigation. 4 Merten's Law of Federal Income Taxation (1942), § 25.82. The Tax Court and the administrative rulings have consistently defined it as the equivalent of the taxpayer's place of business. See Barnhill v. C. I. R., 4 Cir., [148 F.2d 913, 159 A.L.R. 1210.] On the other hand, the decision below (5 Cir., 148 F.2d 163) and Wallace v. Commissioner, 9 Cir., 144 F.2d 407, have flatly rejected that view and have confined the term to the taxpayer's actual residence. See also Coburn v. Commissioner, 2 Cir., 138 F.2d 763.

"We deem it unnecessary here to enter into or to decide this conflict. * * *."

Thirteen years later, in 1958, the Supreme Court again bypassed this issue when it affirmed the Court of Appeals on the factual issue of "temporary" or "indefinite-indeterminate" absence under the so-called exception to Flowers. Peurifoy v. Commissioner, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30. The dissent in the Peurifoy case was based on the Court's refusal to pass upon the construction of the statutory term "home". "The meaning of 'home' was expressly left undecided in Flowers but is squarely presented in the instant case. I disagree with the Commissioner's contention that 'home' is synonymous with the situs of the employer's business. Such a construction means that the taxpayer who is forced to travel from place to place to pursue his trade must carry his home on his back regardless of the fact that he maintains his family at an abode which meets all accepted definitions of 'home'." Peurifoy v. Commissioner, supra (dissenting opinion), 358 U.S. at page 62, 79 S.Ct. at page 106. Cf., United States v. Le Blanc, 5 Cir., 278 F.2d 571.

The government has cited and relies on Commissioner of Internal Revenue v. Flowers, supra, and Peurifoy v. Commissioner, supra, in support of its position here. However those cases are distinguishable from the present case.

In the Flowers case the taxpayer, an attorney, resided in Jackson, Mississippi, with his family. He paid his taxes, voted, schooled his children and established his professional and social connections there. In 1927, he was offered the position of general solicitor for the Gulf, Mobile and Ohio Railroad and the position required that he move from Jackson to Mobile. He was not desirous of moving from Jackson and as a result an arrangement was made with the railroad whereby he could accept the position and continue to reside in Jackson, on condition that he pay his traveling expenses between Mobile and Jackson and pay his living expenses in both places. This arrangement permitted him to determine for himself the amount of time he would spend in each of the two locations, and was in effect during the taxable year in question. During the taxable year in issue taxpayer spent 203 days in Jackson and 66 days in Mobile. The railroad paid none of his expenses and he deducted his expenses incurred in making trips from Jackson to Mobile. The Commissioner disallowed the deductions and the Tax Court sustained the Commissioner. The Court of Appeals for the Fifth Circuit reversed, 148 F.2d 163, and the Supreme Court granted certiorari, 326 U.S. 701, 66 S.Ct. 31, 90 L.Ed. 413. In its opinion affirming the Commissioner the Supreme Court pointed out that the deductions were properly denied because they failed to meet the requirement that the expenses must be incurred in pursuit of the taxpayer's business. "The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. * * * The fact that he traveled frequently between the two cities and incurred extra living expenses in Mobile, while doing much of his railroad work in Jackson, was occasioned solely by his personal propensities. The railroad gained nothing from this arrangement except the personal satisfaction of the taxpayer." 326 U.S. 472–474, 66 S.Ct. 253–254.

In the Flowers case the taxpayer made the decision where he would work and the railroad did not require him to travel. The business trips were for his personal convenience, while in the present case the plaintiff was required as a condition of his employment to travel to the various states assigned to him.

In the Peurifoy case the taxpayers were employed as construction workers at sites in Kinston, North Carolina, for various periods of time from eight and one-half months to twenty and one-half months. Each of the taxpayers maintained a permanent residence elsewhere in North Carolina. In reporting their income for the year in issue they deducted amounts expended for board and room and lodging at Kinston and for transportation from Kinston to their permanent residences upon leaving their employ-

ment. These deductions were disallowed by the Commissioner. The Tax Court ruled in favor of petitioners, 27 T.C. 149. The Circuit Court of Appeals reversed the Tax Court, 4 Cir., 254 F.2d 483. Certiorari was granted, 356 U.S. 956, 78 S.Ct. 996, 2 L.Ed.2d 1065. The Supreme Court in affirming the Court of Appeals stated: "The issue is whether the amounts in question constituted allowable deductions under § 23(a)(1)(A). Generally, a taxpayer is entitled to deduct unreimbursed travel expenses under this subsection only when they are required by 'the exigencies of business.' * * * Resolution of this case as presented to us turns, therefore, upon a narrow question of fact—Was the petitioner's employment 'temporary' or 'indefinite'? The Tax Court * * * found that their employment was temporary. The Court of Appeals, also recognizing that the question was 'one of fact,' held that on the record the Tax Court's finding of temporary employment was 'clearly erroneous.' * * * In reviewing the Tax Court's factual determination, the Court of Appeals has made a fair assessment of the record * * * That being so, this Court will not intervene. * * *." 358 U.S. 59, 60–61, 79 S.Ct. 104, 105, 106.

The Supreme Court in the Peurifoy case affirmed the Circuit Court which held that the expenses in issue were not required by the "exigencies of business". This case does not determine the meaning of the words "home" or "away from home" and is therefore not in point here.

As the Supreme Court pointed out in Peurifoy v. Commissioner, supra, 358 U.S. at page 61, 79 S.Ct. at page 105 (quoting the Tax Court) " * * * 'each case must be decided upon the basis of its own facts and circumstances'."

■ A review of the cases indicates that the Federal courts and the Tax Court have permitted traveling salesmen to deduct proper traveling expenses incurred in the pursuit of their business and not reimbursed while away from their homes where they maintain a family. To hold otherwise would be imposing a penalty upon a traveling salesman which would not only be prohibitive, but make it impossible for him to make a living. It would impose upon him the burden of maintaining two homes—one where his family is regularly established, and one where the government chooses to designate it, on the basis of the time spent and the amount of money earned there. I am of the opinion that this was not the intent of Congress in establishing the provisions for traveling expense deductions.

The evidence presented here shows that Mr. Schreiner was assigned by his company to work both in Nebraska and in states surrounding Nebraska during the year in issue. The choice was not his, it was a condition of his employment. The Schreiners have lived and maintained their home in Omaha since the date of their marriage in 1942. They have carried on all of the activities which normal married persons in a community do where they have their established homes. The traveling expenses which plaintiffs deducted were necessary for the promotion and exigencies of Mr. Schreiner's business as a special representative for the World Insurance Company.

In conclusion the Court finds that plaintiffs did have their home in Omaha, Nebraska, during the year 1954, and that all of the expenses which were deducted were incurred while away from home and for the purpose of the plaintiff William Schreiner's business.

The foregoing shall constitute the Court's findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Judgment will be for the plaintiffs as prayed. Counsel for plaintiffs will prepare and submit a suitable order within twenty days.