Martin Grossman and Mildred Grossman v. Commissioner.
Grossman v. Commissioner
Docket No. 1074-70 SC.
United States Tax Court
T.C. Memo 1971-233; 1971 Tax Ct. Memo LEXIS 98; 30 T.C.M. (CCH) 999; T.C.M. (RIA) 71233; September 13, 1971, Filed Martin Grossman, pro se, 964 Jackson St., Baldwin, Long Island, N. Y. Marion Westen, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency of $1,264.89 in the petitioners' income tax for the taxable year 1967. The petitioners have conceded that no more than $1,000 is in dispute and the parties have agreed to certain adjustments in the deficiency asserted. The issues before us are whether the petitioners are entitled to deductions for (1) various business *100 expenses totalling $6,657.74 under section 162 of the Internal Revenue Code of 1954; [1] (2) interest paid on indebtedness of $96 under section 163; and (3) medical and dental expenses of $47.10 under section 213. Findings of Fact Some of the facts have been stipulated and those facts are so found. Martin Grossman (hereinafter referred to as petitioner) and Mildred Grossman are husband and wife. They resided at 964 Jackson Street, Baldwin, Long Island, New York, at the time the petition was filed. Their joint Federal income tax return for the calendar year 1967 was timely filed with the District Director of Internal Revenue, Brooklyn, New York. During 1967 and prior thereto, the petitioner was employed by Pan American Airways, Inc., as a tool clerk. Also, in 1967 and for several years prior thereto, the petitioner was associated with the Empire State Travel Bureau as a travel agent. In his capacity as a travel agent the petitioner had the use of an office with Empire in New York City and worked out of his home. He received no salary from Empire but in return *101 for using their facilities he split commissions with them on a 50-50 basis on any trip he sold. On his 1967 income tax return, the petitioner claimed auto expenses of $1,720. He arrived at this figure by estimating that he drove from his home to his office and back again 250 times a year. (The distance from his home to the office was 29.9 miles.) This totalled some 14,900 miles to which he added trips to seminars and to clients, bringing the total mileage to 17,200 miles. The respondent allowed $500 of the amount claimed, disallowing the remaining $1,220. Also, in 1967 the petitioner claimed $841.02 for travel, all of which was disallowed by the respondent. The amount was expended primarily for two trips. The petitioner and his wife visited Miami, Florida, and Mrs. Grossman went to Spain. In 1967 the petitioner also deducted telephone expenses of $298.32 for two telephones in his home. The phones were used in the conduct of the petitioner's business. The respondent disallowed $100 of the amount claimed. The petitioner made payments to the New York Telephone Company by check totalling $248.19. The petitioner also deducted as a business expense in 1967 an amount designated as *102 dues totalling $111.50. Of this amount $76.50 was for membership in the Oak Wood Beach Association; $25 to the First Misnova (phonetic) Benevolent Society - a cemetery; $5 to Hadassah; and $5 to the Pan Am Club. 1000 The largest business deduction taken by the petitioner in 1967 was for entertainment in the total amount of $4,385, all of which the respondent disallowed. Except for $500 which the petitioner estimated he spent to attend seminars and entertain customers, the expenses had to do with either a Bar Mitzvah party given for the petitioner's son or a "sweet-sixteen" party which was given for his daughter. The petitioner made the following expenditures for the aforementioned parties: Date
Payee
Amount
4/20
Hills (Passover Food)
$ 50.00
4/23
Karmels Caterer
12.14
4/23
Sari (Bakery)
7.84
4/23
Serving Help
24.00
4/30
Caroll Landscaping
400.00
5/5
Jay Printing
20.00
5/6
Benny Rhodes
11.78
5/9
Mike Ruggiero
250.00
5/10
Ireland Nursery
12.19
5/12
Karmels Caterer
95.00
5/13
Verity Bros. Movers
15.00
5/13
Stricoff Bakery
12.00
5/20
Caroll Landscaping
467.00
5/20
Washington Hotel
200.00
5/22
Orchids of Hawaii
16.80
5/24
Caroll Lanscaping
99.38
6/1
Jay Printing
44.26
6/20
Cohen Kosher Caterers
50.00
6/25
Yisrael Educational Supplies
33.88
6/27
Dura Clean
35.00
6/27
Mr. Abe Outlet Inc.
33.63
6/28
The Linen Closet
20.80
6/30
Franks Beverage
9.80
6/30
Hills
30.00
6/30
J. & D. Produce
18.50
6/30
Sari's Bakery
24.46
6/30
Karmels Caterer
11.88
6/30
Wasserman Liquor
209.12
7/2
Werbel & Zahn
324.00
7/2
S. Levine Washington Hotel
589.93
7/3
Cohens Kosher Catering
131.83
7/4
Serving Help Ella Frazier
25.00
7/5
Serving Help Anne Strang
25.00
7/24
Astor Photographer
75.00
8/20
S. Levine Washington Hotel
500.00
*103 With respect to interest paid on indebtedness in 1967, the petitioner originally claimed $1,787.58 on his tax return of which $414.58 was disallowed by the respondent. At the time of trial, the parties agreed that $318.58 had been substantiated and only $96 remained in dispute. Finally, as to the medical and dental expenses, the respondent disallowed $253.21 of the $1,139.98 originally claimed in 1967. All but $47.10 of the disallowance is due to the percentage limitations relating to these expenses and the adjustments made respecting this deduction will depend primarily on how the other issues are ultimately resolved. Opinion Business Expenses As to the auto expense claimed for travel between the petitioner's home and his New York office, section 162(a)[2] provides generally that a taxpayer may deduct the ordinary and necessary expenses connected with his business including travel expenses. However, under section 274(d) [3] which was added to the Internal Revenue Code of 1954 by the Revenue Act of 1962, 76 Stat. 974, additional substantiation requirements are imposed on the petitioner. H. Rept. No. 1447, 87th Cong., 2d Sess., p. 19 (1962); S. Rept. No. 1881, 87th Cong., *104 2d Sess., p. 27 (1962). The purpose of section 274(d) was to overrule the so-called Cohan rule which would allow the Court to approximate an expense where it was obvious that there was one but the evidence was insufficient to establish the exact amount. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), affg. in part and revg. in part 11 B.T.A. 743. To secure a deduction the petitioner must now substantiate "by adequate records or by sufficient evidence corroborating his own statement" (emphasis supplied) the amount, time, place, business purpose and business relationship of the expenditure made. Here the 1001 petitioner has offered no corroboration whatsoever and even if his testimony were sufficient to establish that the auto expense was ordinary and necessary, we would be compelled to disallow it under the ambit of section 274(d). William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1970); William Andress, Jr., 51 T.C. 863 (1969), affirmed 423 F. 2d 679 (C.A. 5, 1970); Delores Bussabarger, 52 T.C. 819 (1969). *105 *106 We should note, although we are not compelled to do so, that we are not convinced that the petitioner has even sustained his burden of showing that the expense was "ordinary and necessary" within the meaning of section 162. Indeed, it appears that the trips from his home to his office totalling 14,900 miles, were personal commuting expenses that are not allowable under section 262. [4]Commissioner v. Flowers, 326 U.S. 465 (1946), revg. 148 F. 2d 163 (C.A. 5, 1945), which had reversed 3 TCM 803; Charles Sachs, 6 B.T.A. 68 (1927); Leo M. Verner, 39 T.C. 749 (1963). As to the remaining trips totalling 2,300 miles, which had to do with attending seminars and entertaining customers, they represent some 13.4 per cent of the amount claimed. Since the respondent has already allowed over 29 per cent of the tax liability, no additional allowance is warranted. As to the travel expenses of $841.02 claimed by the petitioner, we must again hold *107 that he has failed to satisfy the substantiation requirements of section 274. The evidence does establish that expenditures of $841.02 were made at specific times relating to trips the petitioner and/or his wife took. However, there is little in the record corroborating the petitioner's statement that most of the expenses were incurred in making tour arrangements for customers. While as to one trip he kept a contemporaneous record in a notepad on which he had placed the names of the people to be visited, the evidence relating to business purpose clearly falls short of that required by section 274(d). Cf. Sanford, supra, p. 826. With respect to expenditures of $82.02 which petitioner testified was for his wife's trip to Rochester to "learn how to operate a new type of device they were working on pertaining to the development of X-ray film", section 274(d) again precludes any deduction. For even though Mrs. Grossman works as an X-ray technician for Pan American Airlines, the record is devoid of any corroboration of business purpose or even that she was not reimbursed by her employer. As to the entertainment expenses claimed by the petitioner, section 274(d) again operates *108 to bar the deduction. The evidence adduced at trial establishes the fact that expenditures of $4,385 were made in 1967 and that, with the exception of $500 the petitioner estimates he spent at seminars or for clients, they were related to a Bar Mitzvah party given for the petitioner's son and a "sweet-sixteen" party for his daughter. Once again, however, there is nothing definitive to substantiate the business purpose for which the payments were made or the business relationships involved. The petitioner testified generally his business depended on the social contacts he made. In referring to the Bar Mitzvah, he stated that "this was an excellent opportunity to take advantage of a social event to bring about a large amount of people where * * *, they could get to know me." He testified that the Bar Mitzvah ceremony consisted of two separate affairs. One was held at the Washington Hotel where 150 people attended, and the other at home where 200 were present. He estimated that about half the people were sold tours. With respect to the "sweet-sixteen" party, he described how Pan American supplied him with 100 wall maps which he hoped would cause some of the children attending the party *109 to want to take tours. Of some 83 children who attended the party, he estimated 8 or 10 ultimately bought trips from him. While the petitioner placed a notebook into evidence listing the people who attended the parties he gave for his children, there is no way to specifically relate this information to any business purpose or to any business relationships. We think the petitioner's situation is similar to that involved in Bussabarger, supra, where the Court disallowed expenses attributable to two Christmas parties. It stated: 1002 * * * petitioner has offered no evidence to show that the disallowed items were directly related to or associated with the active conduct of his trade or business. His uncorroborated, self-serving statement is not sufficient. As stated in H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 425: "if the group of persons entertained is large or the distractions substantial, the cost of the entertainment will not be deductible, in the absence of a clear showing of a direct relationship to the active conduct of the trade or business." And in S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 734, *110 it is stated: "It will not be sufficient that the entertainment expense is vaguely or remotely connected with a business motive; it must be demonstrated that the predominant purpose of the expense is to further the trade or business of the taxpayer. Where goodwill generated by the expense is vague or where the possibility of the expenditure resulting in the production of income is remote, no deduction will be permitted." We hold that petitioners are not entitled to deductions for the Christmas party expenses in excess of the amount allowed by respondent. See Wm. Andress, Jr., 51 T.C. 863 (1969); Vaughn V. Chapman, 48 T.C. 358, 366 (1967); Reginald G. Hearn, 36 T.C. 672, affd. 309 F. 2d 431 (C.A. 9, 1962), certiorari denied 373 U.S. 909. Not only does section 274(d) operate to bar the deduction for expenditures made for the Bar Mitzvah and "sweet-sixteen" parties, but we believe the petitioner would have difficulty proving the expenditures were "ordinary and necessary" under section 162 on the basis of the present record. His testimony is so general and of a summary and conclusory character there is a serious doubt *111 that he has carried his burden of establishing the necessary proximate relationship between the expenditures and his business. Reginald G. Hearn, 36 T.C. 672 (1961), affd. 309 F. 2d 431 (C.A. 9, 1962). In addition, some of the expenditures made, such as the $966.38 for landscaping and the $250 for a patio, are clearly non-business expenses that are not deductible. As to the amount of $111.50 claimed by the petitioner as dues on his 1967 income tax return, we must again hold that section 274(d) prevents us from allowing it as a business expense. The petitioner testified that of the $111.50, $25 was paid to the Misnova Benevolent Society. The record does not disclose any business purpose for the payment and in fact tends to establish it has to do with a burial plot for the petitioner - an unallowable personal expense. Then $5 of the $111.50 was paid to Hadassah and $5 to the Pan Am Club. Once again, the record contains no indication that these payments were business related. The remaining $76.50 was paid as dues to the Oak Wood Beach Association - a social club. The only evidence regarding the business purpose of this payment is the petitioner's statement *112 "I have derived a substantial amount of business from the membership in this organization." Section 274(a)(1)(B) relates to a "facility" used in connection with an entertainment activity. Club dues are considered to be expenses connected with a facility. Section 1.274-2(e)(3)(ii), Income Tax Regs.[5] So here, the petitioner must show that the facility was used primarily for the furtherance of his trade or business and that the item was directly related to the active conduct of that trade or business. The bare statement that the club's members have given the petitioner business falls short of these requirements. *113 The last business expense claimed by the petitioner is for the use of two telephones which he had in his home. He claimed $298.32, although the evidence establishes that $248.19 was paid. The respondent disallowed $100 of the amount claimed. Basically, this issue is a factual one and is difficult to resolve. On the one hand is the assumption that it is reasonable for a family of four to use telephones located in their home for personal reasons and that one third of the telephone expense is allocable 1003 to such use. On the other hand is the petitioner's testimony that the phones were never used for personal reasons coupled with the fact that the petitioner and his wife both worked during the day. Also, the large amount of telephone expense indicates that many of the calls were long distance and were related to the petitioner's tour guide business. We chose to accept the petitioner's testimony and hold that all of the payments for the telephones ($248.19) were business expenses. As to the remaining $50.13 claimed by the petitioner, it is not deductible since the evidence is insufficient to establish it was actually paid. Nonbusiness Expenses In addition to business expenses, *114 the respondent initially disallowed certain interest expenses which he now concedes are proper except for $96. He has also disallowed medical expenses of $47.10. There is not sufficient evidence in the record to allow us to hold that these amounts are deductible. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 162(a). In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * * ↩
3. SEC. 274(d). Substantiation Required. -No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
5. Sec. 1.274-2(e)(3)(ii)↩. Club dues. Dues or fees paid to any social, athletic, or sporting club or organization are considered expenditures with respect to a facility used in connection with entertainment. The purposes and activities of a club or organization, and not its name, determine its character. Generally, the phrase "social, athletic, or sporting club or organization" has the same meaning for purposes of this section as it has in part II of chapter 33 of the Code, and the regulations thereunder, relating to tax on club dues. However, for purposes of this section only, clubs operated solely to provide lunches under circumstances of a type generally considered to be conducive to business discussion, within the meaning of paragraph (f)(2)(i) of this section, will not be considered social clubs.