KENNETH J. FOGG AND MARGARET M. FOGG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fogg v. Commissioner
Docket No. 7446-75.
United States Tax Court
T.C. Memo 1976-254; 1976 Tax Ct. Memo LEXIS 151; 35 T.C.M. (CCH) 1112; T.C.M. (RIA) 760254; August 16, 1976, Filed Kenneth J. Fogg, pro se. Joseph R. Goeke, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $470.68 in petitioners' Federal income tax for 1973. The only issue for decision is whether petitioners are entitled to deduct in 1973, as traveling expenses under section 162(a)(2), [1] the automobile expenses incurred by Margaret Fogg in driving between her residence in Baton Rouge, Louisiana, and her place of employment in Kenner, *152 Louisiana. All of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The pertinent facts are summarized below. Kenneth J. and Margaret M. Fogg were husband and wife during the taxable year 1973. Their legal residence was in Denham Springs, Louisiana, when their petition was filed in this proceeding. Their joint Federal income tax return for 1973 was filed with the Internal Revenue Service Center at Austin, Texas. On February 15, 1974, they filed an amended 1973 tax return with the Internal Revenue Service Center at Austin, Texas. During 1973 Margaret Fogg (herein referred to as petitioner) was employed as a stewardess by Delta Airlines. She has been employed with Delta Airlines since 1969. Her "base terminal" from 1969 through all of 1973 was New Orleans International Airport in Kenner, Louisiana. On their 1973 Federal income tax return automobile travel expenses of $2,005.20 for petitioner were claimed as business expenses. They represent the cost of petitioner's transportation *153 via privately owned automobile between her residence in Baton Rouge, Louisiana, and her base terminal as a stewardess for Delta Airlines in Kenner, Louisiana. Beginning in May 1973, throughout the remainder of that year, Kenneth J. Fogg was employed as an attorney in Baton Rouge, Louisiana. Petitioner argues that the expenses incurred by her in traveling between her home in Baton Rouge and her "base terminal" in Kenner, Louisiana, constitute deductible business expenses under section 162(a)(2). Respondent contends that such travel expenses constitute nondeductible personal commuting expenses under section 262. To be deductible under section 162(a)(2), traveling expenses must have been incurred "while away from home." Petitioner argues that when she traveled from her home in Baton Rouge to her place of employment in Kenner she was "away from home" within the meaning of section 162(a)(2). Confusion over the interpretation given to the word "home" with respect to a taxpayer who resides in one city and works in another has resulted in considerable litigation. Petitioner contends that the word "home," as used in the statute, should be interpreted in its usual sense as meaning *154 place of residence. Some Courts of Appeals have adopted this view. Six v. United States,450 F. 2d 66 (2nd Cir. 1971); Flowers v. Commissioner,148 F. 2d 163 (5th Cir. 1945), reversed on other grounds 326 U.S. 465 (1946); Burns v. Gray,287 F. 2d 698 (6th Cir. 1961); Commissioner v. Janss,260 F. 2d 99 (8th Cir. 1958); Wallace v. Commissioner,144 F. 2d 407 (9th Cir. 1944). Respondent, however, takes the position that the word "home" has reference to a taxpayer's principal place of work, and thus the petitioner was not "away from home" when she traveled to her place of business at the New Orleans International Airport. This court has consistently defined "home" as the equivalent of the taxpayer's principal place of business. Mort L. Bixler,5 B.T.A. 1181 (1927); Ronald D. Kroll,49 T.C. 557 (1968); George Montgomery,$3 64 T.C. 175 (1975).In our opinion the petitioner's tax home during 1973 was Kenner, Louisiana. As such, the expenses incurred by her in traveling between Baton Rouge and Kenner, Louisiana are not deductible because *155 the expenses of travel between one's residence and regular place of employment are personal in nature Commissioner v. Flowers,326 U.S. 465 (1946); Sec. 1.262-1(b)(5), Income Tax Regs. The rather long distances traveled by petitioner in getting to work do not change these personal expenses into business expenses. "Whether [she] traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same." Commissioner v. Flowers,supra.
We conclude that petitioner's employment at the New Orleans International Airport was of a permanent nature; her expenses were not incurred "while away from home;" and they were not incurred in traveling between work assignments. Therefore, the expenditures were nondeductible commuting expenses. Fausner v. Commissioner,413 U.S. 838 (1973); Arthur B. Hammond,20 T.C. 285 (1953), affd. 213 F. 2d 43 (5th Cir. 1954). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩