WM. ANDRESS, JR., AND DEVONA C. ANDRESS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 609–67. Filed February 27, 1969.

*William Andress, Jr.*, and *John W. Lodewick*, for the petitioners.
*D. Ronald Morello*, for the respondent.

DAWSON, *Judge:* Respondent determined income tax deficiencies against the petitioners for the years 1964 and 1965 in the amounts of $1,614.61 and $727.40, respectively.

Certain adjustments made by respondent in the notice of deficiency have been resolved by agreement of the parties and can be given effect in the Rule 50 computation. The only issue for decision is whether petitioner Wm. Andress, Jr., a practicing attorney, is entitled to deduct amounts claimed as "courtesy and promotion" expenses on Federal income tax returns filed for the years 1964 and 1965.

FINDINGS OF FACT

Some of the facts have been stipulated by the parties. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Wm. Andress, Jr. (herein called petitioner), and DeVona C. Andress, husband and wife, were legal residents of Dallas, Tex., when they filed their petition in this proceeding. They filed their joint Federal income tax returns for the years 1964 and 1965 with the district director of internal revenue at Dallas.

Petitioner was admitted to the bar of the Supreme Court of Texas in 1929. From that time until the present, except for military service in World War II, he has been a practicing attorney in Dallas. Since April 1964, he has been the senior member of the law firm then formed as Andress, Woodgate, Richards and Condos.

The Canons of Ethics of the legal profession prohibits advertising and solicitation.

On Schedule C of petitioners' 1964 income tax return, the amount of $2,551.73 was claimed as a deduction entitled "courtesy and promotion." This amount consists of the following expenditures:

| | | | |
|---|---|---|---|
| Dallas Athletic Club | $611. 42 | Samuel's Flowers | $10. 40 |
| 21 Turtle Club of Dallas | 196. 89 | Everets | 6. 62 |
| Marty's Liquor Store | 1, 044. 79 | Undesignated | 637. 07 |
| Al Barbe's | 34. 17 | | |
| Club Marquis | 1. 80 | | 2, 551. 73 |
| Town & Country | 8. 57 | | |

Of these expenditures, a total of $36.95 has been allowed by respondent. The difference ($2,514.78) was disallowed in the notice of deficiency.

On Schedule C of petitioners' 1965 income tax return, the amount of $1,972.42 was claimed as a deduction entitled "promotion and courtesy." This amount consists of the following expenditures:

| | |
|---|---|
| Marty's Liquor Store | $995. 52 |
| Dallas Athletic Club | 584. 19 |
| 21 Turtle Club of Dallas | 319. 63 |
| Undesignated | 73. 08 |
| | 1, 972. 42 |

Of these expenditures, a total of $28.44 has been allowed by respondent. The difference ($1,943.98) was disallowed in the notice of deficiency.

The amounts of $1,044.79 in 1964 and $995.52 in 1965, paid to Marty's Liquor Store, represent liquor purchases. This liquor was used primarily for social gatherings at the home of petitioners. The

guests at these social gatherings ranged from 8 to 130. The only records kept relating to these social gatherings were of those gatherings of 60 or more people. These records consist of guest lists and the cost of the parties broken down into the amounts spent for food, liquor, catering, invitations, etc. These records do not contain any reference to business purpose. Seldom, if ever, was business actually discussed at these social gatherings other than passing remarks of no substantial importance.

The amounts of $818.68 in 1964 and $903.82 in 1965 paid to various private clubs represent payment for dues, food, and drinks. The only records kept of these expenditures were the monthly statements from the clubs and canceled checks. These records do not contain any references to other individuals or to business purpose. Seldom, if ever, was business actually discussed at these clubs other than passing remarks of no substantial importance.

In 1964 and 1965 there are no other deduction items on petitioners' income tax returns similar or analogous to what would be the cost of sales or the cost of acquisition of business in a commercial enterprise.

In his notice of deficiency dated November 8, 1966, respondent disallowed most of the amounts claimed for "promotion and courtesy" on the ground that, in the absence of substantiating records, such amounts did not constitute "ordinary and necessary business expense within the meaning of the internal revenue laws."

OPINION

Petitioner contends that his expenditures for "promotion and courtesy" constitute deductible expenses under either section 162(a),[1] I.R.C. 1954, or section 212(1).[2] He argues that an attorney must maintain "social contacts to increase his clientele and income" and that his expenditures cannot be characterized as "entertainment" expenses under the provisions of section 274 [3] and the regulations promulgated thereunder.

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

[3] SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.

(a) ENTERTAINMENT, AMUSEMENT, OR RECREATION.—

(1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

(A) ACTIVITY.—With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings

Respondent's position is that the claimed "promotion and courtesy" expenses disallowed by him are governed by section 274; that the claimed deductions do not meet the requirements of section 274(a)(1) and the regulations; that the petitioners have failed to comply with the recordkeeping and substantiation provisions of section 274(d) and the regulations; and that the claimed deductions do not even represent "ordinary and necessary" business expenses under either section 162(a) or 212(1), but are, in reality, personal and nondeductible living expenses falling within the ambit of section 262.

We agree with respondent. Section 274 is a disallowance provision, and operates only to disallow expenses which have initially been demonstrated to be allowable under some other section of the Internal Revenue Code. See H. Rept. No. 1447, 87th Cong., 2d Sess., p. 19 (1962) ; S. Rept. No. 1881, 87th Cong., 2d Sess., p. 27 (1962). In order for an amount to be deductible as a business expense under section 162(a) or as an expense for the production of income under section 212(1), it must first meet the "ordinary and necessary" requirement. Secondly, if the expense item constitutes "entertainment," it must meet the negative requirement of section 274(a)(1) that such a deduction is not allowed "unless the taxpayer establishes that the item was directly related to, or * * * associated with, the active conduct of the taxpayer's trade or business." Thirdly, a deduction for entertainment

at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or

(B) FACILITY.—With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business.

(2) SPECIAL RULES.—For purposes of applying paragraph (1)—

(A) Dues or fees to any social, athletic, or sporting club or organization shall be treated as items with respect to facilities.

(B) An activity described in section 212 shall be treated as a trade or business.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

(d) SUBSTANTIATION REQUIRED.—No deduction shall be allowed—

(1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or

(3) for any expense for gifts,

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.

expenses will not be allowed unless it meets the substantiation and recordkeeping requirements of section 274(d). See H. Rept. No. 1447, *supra* at 19; S. Rept. No. 1881, *supra* at 24; and Conf. Rept. No. 2508, 87th Cong., 2d Sess., p. 15 (1962).

We observe, at the outset, that section 274(h) provides that the Secretary or his delegate shall prescribe such regulations as he deems necessary to carry out the provisions of section 274. Detailed regulations have been promulgated, and their validity has been upheld by this Court in *William F. Sanford,* 50 T.C. 823 (1968), on appeal (C.A. 2). See also *John L. Ashby,* 50 T.C. 409 (1968); *Robert H. Alter,* 50 T.C. 833 (1968); *Walter L. Woodward,* 50 T.C. 982 (1968); and *John Robinson,* 51 T.C. 520 (1968).

In our opinion the claimed "promotion and courtesy" expenses were clearly entertainment expenses of the type specifically covered by section 274 and the accompanying regulations. While the petitioner admits that some of the claimed expenses were for entertainment, he fervently asserts that most of them cannot be so characterized. He argues that since he is prohibited by the Canons of Ethics of the legal profession from advertising or soliciting business, he makes the "promotion and courtesy" expenditures as a substitute, i.e., as a means of personal or business relations. We think this is simply indulging in semantics. Entertainment is defined in section 1.274–2(b)(1)(i), Income Tax Regs., as—

any activity which is of a type generally considered to constitute entertainment, amusement, or recreation, such as entertaining at night clubs, cocktail lounges, theaters, country clubs, golf and athletic clubs, sporting events, and on hunting, fishing, vacation and similar trips, including such activity relating solely to the taxpayer or the taxpayer's family.

Whether a particular expenditure is for entertainment is determined by using an objective test. Section 1.274–2(b)(1)(ii), Income Tax Regs., provides, in pertinent part, as follows:

An objective test shall be used to determine whether an activity is of a type generally considered to constitute entertainment. Thus, if an activity is generally considered to be entertainment, it will constitute entertainment for purposes of this section and section 274(a) regardless of whether the expenditure can also be described otherwise, and even though the expenditure relates to the taxpayer alone. *This objective test precludes arguments such as that "entertainment" means only entertainment of others or that an expenditure for entertainment should be characterized as an expenditure for advertising or public relations.* [Emphasis supplied.]

The liquor purchased at Marty's Liquor Store was used at social gatherings and parties held in petitioner's home. The drinks and food purchased at the Dallas Athletic Club and the 21 Turtle Club of Dallas are plainly "entertainment" type expenses.

Petitioner has failed to establish that his liquor expenditures for social gatherings were *directly related* to the active conduct of his law practice, as required by section 274(a)(1)(A). He has also failed to establish that the private clubs were used primarily for the furtherance of his business as a lawyer and that the expenditure items were directly related to the active conduct of his business, as required by section 274(a)(1)(B). Cf. *James Schulz*, 16 T.C. 401 (1951); *Louis Boehm*, 35 B.T.A. 1106, 1109–1110 (1937); and *Robert Lee Henry*, 36 T.C. 879, 885–886 (1961). See also section 1.274–2(e)(4)(iii), Income Tax Regs., which provides that unless a taxpayer can show that more than 50 percent of the use of a private club was in furtherance of his business, none of the cost is deductible. There is a complete failure of proof in every respect as to the so-called undesignated items.

In addition to petitioner's failure to meet the requirements of section 274(a)(1), he has not complied with the provisions of section 274(d) and the regulations thereunder requiring such expenses to be substantiated "by adequate records or by sufficient evidence corroborating his own statement." *William F. Sanford, supra* at 828. See S. Rept. No. 1881, *supra* at 34–35, which contains the following explanations:

5. *Disallowance of expenditures not substantiated.*—Under the bill, taxpayers will be required to substantiate their entertainment and related expenses, their traveling expenses and gift expenses. The bill provides that the taxpayer must substantiate by adequate records or by other sufficient evidence corroborating his own statement: the amount of such expense or other item; the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift; the business purpose of the expense; and the business relationship to the taxpayer of the person entertained, using the facility, or receiving the gift.

This provision is intended to overrule, with respect to such expenses the so-called *Cohan* rule. In the case of *Cohan* v. *Commissioner*, 39 F. 2d 540 (C.A. 2d, 1930), it was held that where the evidence indicated that a taxpayer had incurred deductible expenses but their exact amount could not be determined, the court must make "as close an approximation as it can" rather than disallow the deduction entirely. Under your committee's bill, the entertainment, etc., expenses in such a case would be disallowed entirely.

The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed solely on the basis of his own unsupported, self-serving testimony. * * *

There are five basic elements which a taxpayer must prove to obtain a deduction for entertainment expenses: (1) Cost; (2) time; (3) place; (4) business purpose; and (5) business relationship of persons entertained. To substantiate these elements, he must keep adequate records or other sufficient evidence corroborating his own statements. Sec. 1.274–5(c), Income Tax Regs. To constitute an adequate record, he must keep a detailed record, such as an account book, diary, or statement of expense. In it he must list the information in support of

each element of the expenditure. The only element that has been established by this petitioner as to the home entertainment is the amount with respect to the identified expenditure. Petitioner has admitted in the stipulation of facts and on cross-examination by respondent's counsel that no records were kept as to business purpose or the business relationship to the various persons entertained; and he has stipulated that seldom, if ever, was business discussed. His rather vague and general testimony regarding a few items is self-serving and without substantiation. We think it is readily apparent from this record that most of petitioner's expenditures were personal in nature. As the Senate Finance Committee report shows, it is "not sufficient that the entertainment expense is vaguely or remotely connected with a business motive; it must be demonstrated that the predominant purpose of the expense is to further the trade or business of the taxpayer." And where "goodwill generated by the expense is vague or where the possibility of the expenditure resulting in the production of income is remote, no deduction will be permitted."

As to the expenditures for dues, food, and drinks at the two private clubs, the only records that were kept were monthly statements from the clubs and canceled checks. These records likewise do not contain any references to persons entertained or to business purpose.

Petitioner's argument that the practice of law is not a "business," as that term is used in the Internal Revenue Code and particularly section 274, is completely without merit. In addition, his argument that the "promotion and courtesy" expenditures were "the cost of acquisition of business" is self-defeating because, if this were so, such amounts would be capital expenditures and not deductible expenses.

Respondent takes the further position that in the circumstances of this case petitioner has failed to meet even his initial burden of proving that the disallowed expenses were ordinary and necessary in his business under section 162(a). In view of our conclusion as to the correctness of respondent's determination in respect of section 274, it is unnecessary to reach this point. *Robert H. Alter, supra* at 836.

To reflect the concessions of the parties and the conclusions reached herein,

*Decision will be entered under Rule 50.*