Imero O. Fiorentino and Carole G. Fiorentino v. Commissioner.
Fiorentino v. Commissioner
Docket No. 795-68.
United States Tax Court
T.C. Memo 1970-344; 1970 Tax Ct. Memo LEXIS 16; 29 T.C.M. (CCH) 1665; T.C.M. (RIA) 70344; December 21, 1970, Filed Gabriel T. Pap, 51 E. 67th, New York, N. Y., for the petitioners Larry Kars, for the respondent. FEATHERSTON
Supplemental Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Subsequent to the issuance of the Memorandum Findings of Fact and Opinion in this proceeding (T.C. Memo. 1970-316) on November 17, 1970, this Court received a copy of the Opinion entered by the Court of Appeals for the Second Circuit in La Forge v. Commissioner, - F. 2d - (1970), affirming in part, reversing in part, and remanding 53 T.C. 41 (1969), and partially invalidating sec. 1.274-5(c)(3), Income Tax Regs.
Thereafter, petitioners filed a motion for reconsideration seeking a modification of our Memorandum Findings of Fact and Opinion herein or, in the alternative, for further trial with respect to the expenses incurred in connection with the operation of a boat. Since the present case is subject to appeal *18 to the Court of Appeals for the Second Circuit, we have considered petitioner's motion in the light of the La Forge opinion. See Jack E. Golsen, 54 T.C. 742 (1970), on appeal (C.A. 10, May 4, 1970). In La Forge, the taxpayer, a physician and surgeon, regularly paid for the lunches of the resident and interns who assisted him at a hospital where he performed surgery and, in his income tax return, he deducted $2 for each day of his hospital schedule. The hospital cafeteria cashier, forbidden by hospital rules to issue receipts, testified that the taxpayer regularly purchased his lunch and the lunches of his assistants at a cost of $2.65 to $3 each day. Though conceding that the taxpayer's luncheon expenditures met each of the substantive requirements of sections 162 and 274, the Commissioner contended that the taxpayer's testimony, and that of the cafeteria cashier, did not fulfill the substantiation requirements of section 1.274-5(c)(3), Income Tax Regs. The Court of Appeals held, however, that oral testimony "properly corroborated" may fulfill the alternative substantiation requirements of section 274(d), [1] and remanded the case to permit the taxpayer to show the maximum *19 cost of his own lunches, which were not, in any event, deductible. In other words, the taxpayer's hospital schedule corroborated his testimony as to the days on which he performed surgery; the cafeteria cashier's testimony corroborated his testimony of his practice of buying meals for his assistants and the cost thereof. The Court of Appeals concluded that this was "sufficient evidence corroborating [the taxpayer's] own statement" within the meaning of section 274(d). In reaching this 1666 conclusion, the court held Regulation section 1.274-5(c)(3) invalid insofar as it requires a written statement as substantiation of entertainment expenses. Also involved in La Forge were club dues, which are considered by section 274(a)(2)(A) to be entertainment facility expenditures. The Court of Appeals pointed out that section 1.274-2(c)(6), Income Tax Regs., permits "directly related" entertainment facility expenses to be quantified by showing the portion of the dues which corresponds to the taxpayer's actual use of the facility for business entertaining. *20 The court held that the taxpayer was entitled to deduct a proportionate part of the club dues, measured with reference to the cost of his business meals. Despite the invalidity of section 1.274-5 (c)(3) of the regulations in cases subject to appeal to the Second Circuit, we adhere to the conclusion reached in our Memorandum Opinion. Without regard to the interpretative regulations, section 274(d), itself, contains specific requirements with respect to the substantiation of entertainment expenses. It specifies that such substantiation must be made either by "adequate records or by sufficient evidence corroborating [the taxpayer's] own statement." With reference to entertainment facilities such as a boat, such records or corroborating evidence must substantiate: (1) the amount of the expense, (2) the time and place of the use of the facility, (3) the business purpose, and (4) the business relationship to the taxpayer of the persons entertained. As held in our Memorandum Opinion, petitioner's records, consisting of a guest book and a list prepared subsequent to the boating trips, do not meet the "adequate records" requirements. Thus, for the expenses to be allowable, petitioner's *21 substantiation must be in the form of "sufficient evidence corroborating his own statement." Sec. 274(d). While we indicated in our Memorandum Opinion that petitioner's "own statement" could be in the form of oral testimony given at trial, as held in La Forge, the statutory use of the word "corroborating" contemplates that, in order to be "sufficient," the supporting evidence must at least be evidence in addition to petitioner's own statements. Aside from petitioner's own statements, the supporting evidence presented at the trial consisted of the following: (1) The guest book. Our Findings show that this book was not, and was not intended to be, a record of the trips taken on the boat; nor was it evidence of the business, as opposed to, the personal or social use of the boat. Quite to the contrary, the pictures, notations, and other entries in the guest book emphasize exclusively the social use of the boat. Consequently, the book does not provide the required corroboration. (2) A list of the people who were guests on the boat and the number of visits by each. This list, obviously prepared after the close of the tax year, merely sets forth the names of individuals, their respective *22 occupations and firms, and the number of times they were on the boat, giving no other information. Petitioner testified that these names were taken from an appointments calendar. But the calendar from which the names were allegedly copied was not produced in court and, consequently, the list was admitted for the limited purpose of showing what records petitioner had, not to establish that the listed persons were on the boat. The exhibit also contains a list of "NON-BUSINESS PEOPLE ENTERTAINED ON MY BOAT IN 1963," together with the following notation: The above people are wives, relatives or friends of the business people on the other list. They went on the same boat ride as their respective husbands, etc. Finally, under the heading "USE OF BOAT FOR MYSELF AND/OR FAMILY IN 1963," is the following: Apart from when I was piloting the boat, etc. for business guests - I went out alone or with relatives approximately six times. In our view, the list does not corroborate petitioner's testimony; it is merely another form - a summary - of his oral statement. In his motion for reconsideration, petitioner asked, alternatively, that the record be reopened to allow him to introduce the *23 appointments calendar from which, he testified, the exhibit referred to above was prepared. He asserts that this calendar would give the dates on which he entertained business guests on the boat. We have denied this request, because we do not think this supplemental information would justify a change of our conclusion that the boat 1667 expenses are not deductible. In an attempt to bring the exhibit introduced into evidence within section 1.274-5(c)(2)(ii)(A), Income Tax Regs., petitioner described this appointments calendar, and it contains only the name of the guests who were invited on boat trips and the approximate dates of such trips. This, obviously, would not provide the needed corroboration specified by section 274(d). (3) The testimony of petitioner's secretary that she had invited people to the boat and had been there herself when business was discussed. Her testimony was very general, however, and did not corroborate petitioner's testimony as to the number of persons who were on the boat, their business relationship to petitioner, or how often the boat was actually used for either business or nonbusiness purposes. In an endeavor to develop specifics, she was asked *24 to name "one show and one individual" or one group of individuals who were involved and to describe the discussions that were held; she could not do so. Her testimony was obviously insufficient, for it does not corroborate anything other than petitioner's testimony that he used the boat for entertaining business associates, and this does not, in our view, satisfy the statutory requirements. (4) The only other evidence presented was that of two business associates who testified in a general way that they had visited petitioner's boat and had there discussed business matters; but they could not remember when they were on the boat or exactly how many times they were there. Such generalized testimony obviously is not sufficient to support all of petitioner's oral testimony as to the business use of the boat. While this evidence might be "sufficient" corroboration as to the presence of these two persons on the boat and that they held business conversations while there, it is not sufficient to support the presence of the other people or to establish the total number of trips which were made, or which trips were for business purposes. In response to petitioner's motion and in the light *25 of the La Forge opinion, we have again carefully considered the entire record, and we do not think petitioner has made the requisite showing. We are not convinced that the boat "was used primarily for the furtherance of the taxpayer's trade or business * * *" as required by section 274(a) (1)(B). While petitioner asserts that he used the boat for the entertainment of business associates on 21 occasions and for himself or his family only six times, we are not convinced that this is so. In any event, while petitioner's profession may be one which involves much business entertaining, we do not think either section 162 or section 274 means that, if a taxpayer selects his friends from among his business associates, any entertainment which he provides for them is deductible. See Wm. Andress, Jr. , 51 T.C. 863 (1969), affirmed per curiam 423 F. 2d 679 (C.A. 5, 1970). Indeed, that is the kind of abuse of the tax laws which section 274 was intended to cure. We do not think La Forge was intended in any way to undermine that objective. This case is far removed from the setting of La Forge. The only basis for allowing any of these boating expenses as deductions would *26 require a liberal application of the principles of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). If any one thing is clear, it is that section 274 was enacted to abolish the use of the Cohan rule in this area of the tax law. S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 740-742. Although not referred to in petitioner's motion, we have also reviewed the automobile expense issue in the light of La Forge. As noted in our Memorandum Opinion, petitioner's only evidence at trial was the explanation of the manner in which he arrived at his percentage of total mileage attributable to his business use of the automobile. He introduced none of the data upon which he based this estimate, that is, the specific jobs to which he drove, the distance to each, and the total mileage he drove all year. In other words, petitioner introduced no evidence corroborating his own statements. Clearly, if no supporting evidence is introduced, there can be no question of the sufficiency of the corroboration. In accordance with our Memorandum Opinion, Decision will be entered under Rule 50. 1668 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩