Stanley T. Yascolt v. Commissioner.
Yascolt v. Commissioner
Docket No. 1043-70 SC.
United States Tax Court
T.C. Memo 1971-9; 1971 Tax Ct. Memo LEXIS 324; 30 T.C.M. (CCH) 55; T.C.M. (RIA) 71009; January 14, 1971, Filed Stanley T. Yascolt, pro se, Route 2, Pinconning, Mich.Ralph F. Keister, for the respondent. FEATHERSTON
*325 Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $155 in petitioner's income tax for 1967. The only issue for decision is whether the sum of $875 which petitioner paid as rent for a residence in Pointe-Claire, Province of Quebec, Canada, is deductible under sections 162 and 274, Internal Revenue Code of 1954. [1]
Findings of Fact Stanley T. Yascolt (hereinafter referred to as petitioner) was a legal resident of Pinconning, Michigan, at the time he filed his petition. For several years prior to 1967, petitioner worked at various jobs while attending school, including work as a backhoe operator. In 1964 he acquired his own performed services with it for customers on a contract or hourly basis. He was employed by Chrysler Corporation as an electrician from the summer of 1966 to the spring of 1967, when he resigned and went to Montreal, Canada, to attend "Expo '67." Petitioner had intended to stay in Montreal for only a week's vacation, but he later decided to stay for a longer *326 period. He rented a house at 45 Belton Road, Pointe-Claire, Province of Quebec, Canada, for 56 $175 per month, and retained it for 5 months, incurring rental expenses in the total amount of $875. While living in the Pointe-Claire residence, petitioner entertained friends and relatives from his home area in Michigan. He performed backhoe services for some of them on occasions before or after 1967; he did not operate his backhoe machine during 1967. He kept no contemporaneous records with respect to his entertainment activities in Pointe-Claire. In his income tax return for 1967, petitioner deducted a business loss in the amount of $1,378.43 and, in the deficiency notice, respondent disallowed expense deductions in the same amount. The only item in dispute is rent paid on the Pointe-Claire residence. Opinion Petitioner contends that he used the Pointe-Claire residence for entertaining customers of his backhoe business and that, therefore, he is entitled to deduct the disputed rent. We do not agree. Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." Section *327 274(a)(1)(B) provides, however, that no deduction otherwise allowable shall be allowed with respect to a "facility," such as a residence, used in connection with an entertainment activity "unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business." Further, with respect to the use of a facility for entertainment purposes, section 274(d) denies the deduction unless the taxpayer substantiates "by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * *, (B) the time and place of the * * * entertainment * * * or use of the facility * * *, (C) the business purpose of the expense * * *, and (D) the business relationship to the taxpayer of persons entertained, [or] using the facility * * *." The regulations issued pursuant to section 274 amplify those requirements. See generally William F. Sanford, 50 T.C. 822 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969); Wm. Andress, Jr.. 51 T.C. 863 (1969), *328 affirmed per curiam 423 F. 2d 679 (C.A. 5, 1970). For a variety of reasons, petitioner's proof falls short of showing that the rent which he paid on the Pointe-Claire residence is deductible. First, he kept no contemporaneous records of his entertainment use of the residence and offered no evidence to corroborate his testimony as to its use; consequently, he fails to meet the substantiation requirements of section 274(d). Second, some of the people whom he entertained admittedly were not customers of his backhoe business; he did not show how many of them were customers or that more than 50 percent of the total calendar days of use of the residence were days of business use in entertaining customers; therefore, he failed to show that the residence was used "primarily for the furtherance" of his business within the meaning of section 274 (a)(1)(B). See sec. 1.274-2(e)(4)(iii), Income Tax Regs. Third, the evidence is not convincing that the rental expenditures were made in "carrying on" or "for the furtherance" of petitioner's intermittent backhoe business as required by sections 162(a) and 274(a)(1)(B). Stated another way, no such relationship is shown between the entertainment *329 and the business as to justify the deduction. The fairest interpretation of the testimony, we think, is that petitioner visited the Montreal exposition, had a "very enjoyable" time, and decided to rent a house and invite friends and relatives to stay with him while they visited the exposition. His hospitality was generous, but his rental expenses are not deductible in computing his income tax. Decision will be entered for the respondent. 57 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩