EDWARD J. ROBBINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; EDWARD J. ROBBINS and MYRNA ROBBINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robbins v. Commissioner
Docket Nos. 2859-77, 2897-77.
United States Tax Court
T.C. Memo 1981-449; 1981 Tax Ct. Memo LEXIS 294; 42 T.C.M. (CCH) 809; T.C.M. (RIA) 81449; August 24, 1981. Edward J. Robbins and Myrna Robbins, pro se. Leonard A. Hammes, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income taxes and additions to tax under sections 6651(a)(1) and 6653(a), I.R.C. 1954, [1] as follows: Petitioners
and
Calendar
Income
Additions to Tax, I.R.C. 1954
Docket Nos.
Year
Tax
Sec. 6651(a)(1)
Sec. 6653(a)
Eddie J. Robbins [2]
1970
$ 15,118.39
$ 4,093.31
$ 818.66
& Myrna Robbins
2897-77
& Myrna Robbins
2897-77
1971
10,144.35
2,958.83
591.76
& Myrna Robbins
2897-77
1972
30,397.21
8,194.80
1,638.96
& Myrna Robbins
2897-77
1973
88,106.52
23,807.09
4,761.41
Eddie J. Robbins
2859-77
1974
58,312.64
14,578.16
2,915.63
*297 Due to concessions made by the parties, [3] the only issues for decision are (1) whether under section 162 petitioner Eddie J. Robbins is entitled to deduct as ordinary and necessary business expenses expenditures claimed on Schedule C-1 of his income tax returns for calendar years 1970, 1971, 1972, 1973, and 1974; (2) whether under section 274 petitioner is entitled to deduct his claimed travel and business promotion expenditures; (3) whether under section 164 petitioner is entitled to deductions for real property taxes paid; (4) whether under section 163 petitioner is entitled to deductions for interest payments; (5) whether the facts sustain further positive or negative adjustments to petitioner's reported gross revenues and cost of goods sold for taxable years 1970 through 1974; (6) whether any part of petitioner's underpayment of income taxes is due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a); and (7) whether petitioner is liable for an addition to tax under section 6651(a) for failure to timely file income tax returns for calendar years *298 1970 through 1974. FINDINGS OF FACT Some of the facts have *299 been stipulated and are found accordingly. Eddie J. Robbins (petitioner) and Myrna Robbins each resided in Omaha, Nebraska, at the time of filing the petitions in this case. The Federal income tax returns for calendar years 1970 through 1974 were filed with the Internal Revenue Service Cneter, Omaha, Nebraska, as follows: Calendar
Date Return
Year
Filed
1970
April 24, 1973
1971
November 25, 1974
1972
November 25, 1974
1973
May 3, 1976
1974
May 24, 1976
During the years in issue petitioner was engaged in various income-producing activities, including the sale of real estate in Arizona, Florida, the Bahama Islands, and Canada. Petitioner's real estate transactions consisted of obtaining options on property, and syndicating and selling the optioned property. The options were not purchased for petitioner's personal investment purposes. To arrange the real estate purchase, sometimes petitioner was required to travel to the location of the property. Petitioner generally made these trips by airplane or by automobile. In order to promote the sale of certain properties, on occasion petitioner entertained prospective purchasers through dinners or parties *300 at supper clubs or restaurants. While petitioner personally sold some of the property, often other salesmen would sell the realty. When another salesman sold the property, petitioner paid him a commission. In 1974 petitioner made a gift to salesmen of membership in the Cornhusker Air Travel Club. During the years in issue petitioner leased two automobiles from Novak Cadillac for use in his real estate business. He personally drove one of the automobiles, and his sales manager drove the other car. The two cars were driven approximately 45,000 miles annually. Petitioner maintained the living room of his three-room apartment as his only place of business. Petitioner installed two telephones in his apartment, one of which was used solely for business calls. In operating the business, petitioner incurred numerous miscellaneous expenses, including attorney fees, land recordation fees, secretarial wages, office supplies and furnishings, utilities, and advertising. Petitioner maintained a travel diary and books and records during the taxable years in issue. However, the vast majority of the records either were destroyed in a tornado or lost by an airline when in transport *301 by petitioner. Throuhout the relevant time petitioner had a checking account at Council Bluffs Savings Bank. In 1971 petitioner obtained a 90-day loan from a bank to use as a downpayment on a property. Subsequently, petitioner obtained several other loans. In some of the taxable years in issue he made interest payments on these loans. In each of the taxable years in issue petitioner received money from a number of prospective real estate purchasers. Later the prospective purchasers requested the return of their funds and a release of their promise to purchase an option or land. Petitioner refunded some of these moneys in the relevant tax years. In his income tax returns petitioner claimed the following gross receipts and business expenses: Calendar
Gross
Cost of
Other Business
year
Receipts
Goods Sold
Expenses
1970
$ 51,527.63
$, 11,400
$ 30,678.10
1971
43,573.00
5,315
26,148.00
1972
78,025.00
21,767
40,271.00
1973
135,995.20
10,000
88,817.42
1974
109,176.74
6,650
95,897.52
In his statutory notice of deficiency, respondent disallowed all of petitioner's claimed deductions for cost of goods sold and business expenses in *302 taxable years 1970 through 1974 and also adjusted petitioner's gross receipts for 1972 and 1973. Respondent determined a 5 percent addition to tax under section 6653(a) for calendar years 1970 through 1974 for petitioner's underpayment of taxes due to negligence or intentional disregard of rules and regulations. Respondent also determined a 25 percent addition to tax provided by section 6651(a)(1) for petitioner's failure to timely file income tax returns for calendar years 1970 through 1974. OPINION Section 162(a) provides in part as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and (3) rentals * * *. Where expenditures for travel away from home, entertainment, and business *303 promotion are directly connected with the active conduct of a taxpayer's trade or business and would qualify for deduction under section 162, the deduction is not allowable unless the taxpayer complies with section 274 substantiation requirements. In Welch v. Helvering, 290 U.S. 111, 113 (1933), the Supreme Court gave meaning to "ordinary and necessary expenses" as the terminology was used in the predecessor provision to section 162(a). The Court indicated that "necessary" means "appropriate and helpful" in the development of petitioner's business. Commissioner v. Heininger, 320 U.S. 467 (1943). In Deputy v. duPont, 308 U.S. 488, 495 (1940), the Supreme Court stated that-- Ordinary has the connotation of normal, usual, or customary. To be sure, an expense may be ordinary though it happened but once in the taxpayer's lifetime. * * * Yet the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved. * * * Whether an expense is "ordinary and necessary" is a factual determination. As is clear from section 262, no deductions are allowable for personal, living, and family expenses. *304 The first issue is whether any portion of the business expenses claimed by petitioner (including but not limited to expenditures for salemen's commissions, secretarial wages, automobile expenditures, rental, office supplies, and advertising) are properly deductible under section 162(a). In each of the taxable years in issue petitioner claimed a deduction for his rental expense. At trial petitioner testified that his sole place of business was the living room of his three-room apartment and that the only use of the room was for business purposes. Prior to the enactment of section 280A which became effective for taxable years beginning after December 31, 1975, a taxpayer who used a portion of his residence on a regular basis as his principal place of business was permitted to deduct as an ordinary and necessary business expense a portion of the rent paid and other cost of maintaining his residence. See, e.g., Gino v. Commissioner, 60 T.C. 304 (1973). We believe petitioner's testimony that he exclusively used for business purposes one-third of the living space of his apartment, and we conclude that one-third of petitioner's proved expenditures for his apartment *305 rent and utilities is deductible as follows: Calendar
Deductible
Deductible
Year
Rent
Utilities
1970
$ 622
$ 8
1971
750
125
1972
500
86
1973
1,286
101
1974
866
175
Due to the nature of petitioner's business of arranging real estate deals with regard to property located outside of Nebraska, petitioner regularly conducted business over the telephone. Petitioner convincingly testified that he maintained two telephones at his residence, one for personal use and the other for the exclusive use in his business. Accordingly, we are of the opinion that petitioner is entitled to deduct those expenses associated with the use and maintenance of his business telephone. The amounts of telephone expense which petitioner is entitled to deduct for calendar years 1970 through 1974, respectively, are $ 50, $ 729, $ 1,626, $ 2,644, and $ 4,095. Between 1970 and 1974 petitioner rented from Novak Cadillac two automobiles for use in carrying on his business. One car was used by his sales manager and one by himself. Petitioner recalled that each year he and his sales manager would drive the cars approximately 45,000 miles. The evidence indicates that petitioner *306 paid car rental to Novak Cadillac and incurred expenses for gasoline and automobile maintenance. Because we conclude from the record that petitioner occasionally ued his car for personal reasons, we have determined that petitioner is entitled to deduct 90 percent of the proved automobile expenditures during the years in issue. Therefore, for calendar years 1970 through 1974, respectively, petitioner is entitled to deduct as automobile expense the following amounts: $ 2,773, $ 4,900, $ 6,281, $ 9,230, and $ 8,034. The evidence indicates that petitioner's business expenditures included amounts for advertising, attorney fees, office furniture, office supplies, secretarial wages, bank charges, and commissions paid to salesmen. We are of the opinion that petitioner has proved that he is entitled to deductions for such business expenditures in the following amounts: Calendar
Deductible
Year
Expenditure
Amount
1970
Advertising
$ 54
Attorney Fees
226
Office Furniture
496
Allowable Commissions
3,607
1971
Attorney Fees
250
Office Supplies
103
Sales Course for Petitioner
709
Salesmen's Commissions [4]
3,050
1972
Advertising
295
Office Supplies
8
Attorney Fees
600
Salesmen's Commissions
5,906
1973
Attorney Fees
800
Office Supplies
17
Office Equipment and
Furniture
458
Secretarial Wages
290
Salesmen's Commissions
9,350
Bank Charges
10
1974
Advertising
176
Office Supplies
289
Attorney Fees
2,690
Secretarial Wages
1,474
Salesmen's Commissions
7,558
*307 Section 274 precludes the deductibility of certain expenditures otherwise allowable under section 162(a). Section 274(a) limits deductions allowable for expenses incurred for business travel, business entertainment and promotion, gifts, and other such items. To qualify as a deductible expenditure, the substantiation requirements of section 274(d) must be satisfied. This section provides: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any *308 expense for gift, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. The Income Tax Regulations promulgated pursuant to section 274 have been uniformly approved by the courts. Dowell v. United States, 522 F.2d 708, 713 (5th Cir. 1975); Andress v. Commissioner, 51 T.C. 863, 867 (1969), affd. without discussion 423 F.2d 679 (5th Cir. 1970). Section 1.274-5(b), Income Tax Regs., provides that no deduction is allowed for entertainment, travel expenses, or gifts unless a taxpayer establishes the *309 amount, time and place, business purpose, and the business relationship of the person entertained for each separate expenditure.[5]Section 1.274-5(c), Income Tax Regs., lists the rules for substantiating each of the elements of each expenditure as required by section 1.274-5(b). Section 1.274-5(c), Income Tax Regs., [6] necessitates adequate written records made contemporaneously to the expenditure; absent that, the substantiation requirement may be satisfied upon a taxpayer's providing detailed statements with respect to the expenses coupled with corroborative evidence. *310 Promotional and entertainment outlays are directly related to business only if (1) at the time incurred the taxpayer had more than a general expectation of deriving income or other specific business benefits; (2) business discussions or meetings were actually engaged in during the entertainment period (or at the time of the expenditure, the taxpayer reasonably expected to engage in such business discussions but was unable to do so for reasons beyond his control); (3) the principal character of the combined business and entertainment was the active conduct of the taxpayer's business; and (4) the expense was attributable to the taxpayer and a person from whom the taxpayer expected to receive business benefit. Section 1.274-2(c)(3), Income Tax Regs. While petitioner testified that he made numerous expenditures to entertain prospective land purchasers and promote his business, petitioner was unable to adequately substantiate his expenditures within the requirements of section 274 and sections 1.274-2 and 1.274-5, Income Tax Regs.
Although petitioner has shown that he incurred substantial expenses for air travel in connection with his real estate business, petitioner has been able to *311 adequately substantiate only a limited portion of those expenditures. In the vast majority of instances, petitioner was unable to indicate his travel destination. Accordingly, we conclude that petitioner is entitled to deduct travel expenses in the following amounts: Calendar
Amount
Year
Deductible
1970
$ 706
1972
1,150
1973
2,660
1974
1,970
For calendar year 1974 peritioner claimed a deduction of $ 278 for gifts to salesmen. The record indicates that on January 22, 1974, petitioner paid this sum by check for salesmen's memberships in the Cornhusker Air Travel Club. We conclude that petitioner sustained his burden of proof under section 274 and the pertinent regulations and that he is entitled to the $ 278 deduction in calendar year 1974. Section 164 allows a deduction for real property taxes paid or accused in a taxable year. Petitioner has presented evidence that in 1972 through 1974 he paid business property taxes in the amounts of $ 15, $ 7, and $ 189, respectively. Accordingly, petitioner is entitled to deduct these amounts. Section 163 provides that all interest paid or accrued within a taxable year is deductible in that year. Petitioner *312 has provided evidence that in taxable years 1971 through 1973 he paid interest on some outstanding loans. Accordingly, petitioner is entitled under section 163 to deduct interest payments in addition to the amounts conceded by respondent of $ 204 and $ 106 in calendar years 1971 and 1972, respectively. In the normal course of petitioner's business he arranged for the purchase of or bought land options to sell to other individuals. Petitioner did not purchase any options or property for personal investment purposes. Petitioner testified that in each year after receipt of moneys from prospective purchasers of property, some prospective purchasers requested the return of their funds and a release of their promise to buy the option or land. The evidence indicates the names of the prospective buyers and the amounts returned to each. Petitioner argues that under section 61 his gross receipts for each calendar year should be reduced by the sum of the returned moneys. Pursuant to Welch v. Helvering, 290 U.S. 111 (1933), petitioner has the burden of proving that he is entitled to reduce his gross receipts. The record indicates that petitioner paid sums to a number *313 of persons by check in the years in issue. Petitioner identified some of these payments as being a return of investors' moneys. We are of the opinion that petitioner has sufficiently sustained his burden, and accordingly, in addition to the reductions conceded by respondent, petitioner is entitled to reduce his gross receipts as follows: Calendar
Year
Amount
1970
$ 775
1971
50
1972
982
1973
21,579
1974
20,922
The record further shows that in calendar years 1970 through 1974 petitioner wrote checks in payment of land purchases. Since we have determined that the land purchased was not held by petitioner for investments, but rather was resold in the normal course of his business, the amounts proved as expended for land purchases should be treated as his cost of goods sold. For calendar years 1970 through 1974, respectively, petitioner should have reported costs of goods sold from land purchases as $ 504, $ 4,009, $ 7,728, $ 8,625, and $ 1,087.
The next issue for decision is whether any part of petitioner's underpayment of income taxes was due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a). Section *314 6653(a) provides: SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent takes the position that the deficiencies in income taxes paid for calendar year 1970 through 1974 were in part attributable to a failure on the part of petitioner to maintain adequate books and records. Respondent's determination raises the presumption of correctness and imposes upon the taxpayer the burden of proving that the imposition of an addition to tax under section 6653(a) is erroneous. Courtney v. Commissioner, 28 T.C. 658, 669 (1957).
At trial petitioner testified that he had maintained books and records for the taxable years in issue but that those documents had been misplaced by two means. Petitioner stated that some of the records *315 had been lost by TWA Airlines when they misplaced a portion of his luggage and that the other records were destroyed in a tornado. The testimony of the revenue agent involved in the audit of petitioner's income tax returns indicates that petitioner reported such losses of his records at the time of audit. Petitioner did produce certain airlines receipts and statements from his bank, but he failed to duplicate his lost records. Furthermore, petitioner failed to show the nature of the now lost records he kept. There is therefore no evidence in this record to show whether petitioner's records if available would be considered adequate. Section 6001 imposes upon all taxpayers the obligation to maintain at all times accurate books and records to enable substantiation of income and expenses. Because petitioner failed to maintain such records at all times, we conclude that he is responsible for payment of any addition to tax under section 6653(a). The final issue for decision is whether petitioner is liable for an addition to tax under section 6651(a) for failure to timely file his income tax returns for taxable years 1970 through 1974. Although petitioner's income tax returns were *316 due on April 15 of the year following the close of his taxable year, the actual filing dates were as follows: Calendar
Date Return
Year
Filed
1970
April 24, 1973
1971
November 25, 1974
1972
November 25, 1974
1973
May 3, 1976
1974
May 24, 1976
Section 6651(a)(1) provides that failure to timely file a Federal income tax return results in the application of an addition to the tax of the dilatory taxpayer of 5 percent per month up to a maximum of 25 percent unless the taxpayer proves that the failure is "due to reasonable cause and not due to willful neglect." Petitioner has offered no explanation for his failure to timely file. Accordingly, we conclude that petitioner is liable for the addition to tax under section 6651(a)(1). Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Petitioner has stipulated that his correct name is Eddie J. Robbins.↩
3. The parties have conceded a number of facts and issues. On brief respondent conceded that Myrna Robbins is not jointly or severally liable for any income taxes due or penalties arising out of any of the calendar years in issue. The facts disclose that Eddie and Myrna Robbins were separated in 1969, that Myrna Robbins filed for divorce in 1970, and that the divorce was granted in 1973. Myrna Robbins had no income in taxable years 1970 through 1973. Accordingly, the tax for which petitioner Eddie J. Robbins is found to be liable for calendar years 1970 through 1972 should be calculated on the basis of a married individual filing separately; and for taxable years 1973 and 1974 the tax should be computed on the basis of an unmarried individual. In their supplemental stipulation of facts, the parties agreed that 1973 reported gross receipts should be reduced by $ 14,400, that 1974 reported gross receipts should be decreased by $ 1,200, and that 1972 reported gross receipts should be increased by $ 6,344.33. The parties further agreed that petitioner is entitled to a $ 800 business interest deduction in 1973.↩
4. Some of the claimed commissions have been traced to salesmen identified by name on several land sales contracts. The amounts of commissions allowable as a deduction include commissions paid to those identified salesmen as well as a portion attributable to salesmen identified by petitioner's testimony and previously written checks but whose names could not be traced to land sales contracts.↩
5. In pertinent part sec. 1.274-5, Income Tax Regs., provides: (b) Elements of an expenditure--(1) In general. Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for travel, entertainment, or a gift unless the taxpayer substantiates the following elements for each such expenditure: (i) Amount; (ii) Time and place of travel or entertainment (or use of a facility with respect to entertainment), or date and description of a gift; (iii) Business purpose; and (iv) Business relationship to the taxpayer of each person entertained, using an entertainment facility or receiving a gift. (2) Travel. The elements to be proved with respect to an expenditure for travel are-- (i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. (3) Entertainment in general. Elements to be proved with respect to an expenditure for entertainment are-- (i) Amount. Amount of each separate expenditure for entertainment, except that such incidental items as taxi fares or telephone calls may be aggregated on a daily basis; (ii) Time.Date of entertainment: (iii) Place. Name, if any, address or location, and designation of type of entertainment, such as dinner or theater, if such information is not apparent from the designation of the place; (iv) Business purpose. Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, except in the case of business meals described in section 274(e)(1), the nature of any business discussion or activity; (v) Business relationship↩.Occupation or other information relating to the person or persons entertained, including name, title, or other designation, sufficient to establish business relationship to the taxpayer. 6. In relevant part sec. 1.274-5(c), Income Tax Regs., provides: (c) Rules for substantiation--(1) In general. A taxpayer must substantiate each element of an expenditure (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement except as otherwise provided in this section. Section 274(d) contemplates that a taxpayer will maintain and produce such sustantiation as will constitute clear proof of an expenditure for travel, entertainment, or gifts referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in sub-paragraph (2) of this paragraph. To obtain a deduction for an expenditure for travel, entertainment, or gifts, a taxpayer must substantiate, in accordance with the provisions of this paragraph, each element of such an expenditure. (2) Substantiation by adequate records--(i) In general. To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. It is not necessary to record information in an account book, diary, statement of expense or similar record which duplicates information reflected on a receipt so long as such account book and receipt complement each other in an orderly manner. (ii) Account book, diary, etc. An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. (b) Substantiation of business purpose. In order to constitute an adequate record of business purpose within the meaning of section 274(d) and this subparagraph, a written statement of business purpose generally is required. However, the degree of substantiation necessary to establish business purpose will vary depending upon the facts and circumstances of each case. Where the business purpose of an expenditure is evident from the surrounding facts and circumstances, a written explanation of such business purpose will not be required.For example, in the case of a salesman calling on customers on an established sales route, a written explanation of the business purpose of such travel ordinarily will not be required. Similarly, in the case of a business meal described in section 274(e)(1), if the business purpose of such meal is evident from the business relationship to the taxpayer of the persons entertained and other surrounding circumstances, a written explanation of such business purpose will not be required. (3) Substantiation by other sufficient evidence. If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element-- (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is the description of a gift, or the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence.↩