STEVEN F. SARTOR, and GWENN SARTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sartor v. Commissioner
Docket No. 3629-83.
United States Tax Court
T.C. Memo 1984-274; 1984 Tax Ct. Memo LEXIS 402; 48 T.C.M. (CCH) 150; T.C.M. (RIA) 84274; May 22, 1984. E. DeVon Deppe, for the petitioners. James B. Ausenbaugh, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $8,283 in petitioners' 1980 Federal income tax. After concessions, the only issue is whether the expenses petitioners incurred in connection with their airplane are deductible. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, Steven F. Sartor and Gwenn Sartor, resided in Kaysville, Utah, when their petition was filed herein. *403 Except for a one-year period spanning 1977 and 1978 when he was employed by a competitor, since 1970 petitioner Steven F. Sartor (petitioner) has been employed by Dixico, Inc. (herein Dixico) as an outside salesman of "packaging materials." When petitioner returned to Dixico in 1978, he was assigned the sales territory of Utah, Idaho, and Colorado. In March 1980 his sales territory was expanded to include Washington, Oregon, Montana, and Vancouver, Canada. Petitioner obtained a commercial pilot's license in 1965 and subsequently purchased a Cessna 182 airplane in 1975. He used this plane exclusively for personal purposes until 1979 when he began to use it for business. In August 1980 petitioner purchased a 50 percent interest in a newer and larger Cessna T-206 airplane (hereinafter referred to as the airplane) because it was capable of safe flights in instrument flight conditions. At this time, petitioner began aircraft qualification and instrument flight training in the airplane which he completed in February 1981. During 1980 petitioner used the airplane almost exclusively for business purposes, flying to see customers in cities throughout Idaho, Utah, Oregon, and Washington. *404 Petitioner determined that because there were less frequent commercial flights due to the deregulation of the airlines for him to cover his large sales territory, it was necessary to use the airplane so that he could maximize his sales.By using the airplane, petitioner was able to arrange a more flexible schedule which enabled him to reach customers before his competitors. Although Dixico only reimbursed petitioner for what it would have cost him to fly commercially, it approved of his using the airplane because Dixico expected it would allow petitioner to increase his sales. Petitioner's bonus each year was based on the amount of his sales. After purchasing the airplane in 1980, his bonus increased from $4,263 in 1979 to $7,902 in 1980 and, by 1982, it was $12,591. Petitioner incurred in 1980 the following three types of expenses in connection with the airplane: (1) travel expenses to visit clients (herein the travel expenses); (2) travel expenses to entertain his clients (herein the entertainment expenses); and (3) expenses for aircraft qualification, instrument flight training, and equipment and safety checks (herein the qualification expenses). The entertainment expenses *405 included scenic airplane flights and fishing trips with clients and members of their families. Dixico did not reimburse petitioner for any part of the entertainment expenses. In 1980 petitioner maintained a flight log wherein the recorded the origin, destination, date and travel time for each of his flights. On their 1980 return petitioners deducted $14,913 of the airplane expenses as business expenses.[1] In his notice of deficiency, respondent determined that petitioners were not entitled to this deduction because the airplane expenses were not ordinary and necessary business expenses and, with respect to the entertainment expenses, because petitioners failed to satisfy the substantiation requirements under section 274. [2]
OPINION The only issue is whether the expenses petitioner incurred in connection with the airplane are deductible. Conceding that all of the airplane expenses are ordinary within the meaning *406 of section 162, respondent argues that the travel expenses are not deductible because they are not "necessary" nor "reasonable" as required by section 162, [3] and that the entertainment expenses are not deductible because they have not been substantiated under section 274. Petitioner argues that the travel expenses were both necessary and reasonable because they allowed him to be a more successful salesman. Under section 162, the term "necessary" has been interpreted to mean appropriate and helpful in the development of the taxpayer's business. Deputy v. duPont,308 U.S. 488 (1940). We find that the travel expenses were very helpful to petitioner in his business of being a salesman. The record shows that petitioner was given a large sales territory with customers located several hours from major airports. Due to the deregulation of the airlines, there were less frequent *407 flights to petitioner's sales areas and alternate methods of transportation were inadequate and time consuming. By using the airplane, petitioner was able to arrange a more flexible schedule which enabled him to maximize his sales opportunities. Under these circumstances, we think it is clear that petitioner's additional travel expenses incurred by using the airplane were appropriate and helpful in his business as a salesman. Thus, we conclude that the travel expenses were necessary within the meaning of section 162. Respondent's next contention is that petitioner's travel expenses were not reasonable. Generally, in order to be deductible a business expense must be reasonable in amount relative to its purpose. United States v. Haskel Engineering & Supply Company,380 F.2d 786, 788 (9th Cir. 1967); see also sec. 1.162-2(a), Income Tax Regs.Respondent thus argues that the travel expenses were not reasonable because they exceeded petitioner's bonus in 1980. Although as it turned out petitioner's expenses exceeded his bonus in 1980, we find that *408 the circumstances show that the expenses were reasonable. It was reasonable for petitioner to expect his bonuses to increase each year because the airplane enabled him to have a more flexible schedule to maximize his sales. Petitioner's bonuses did in fact increase substantially from $7,902 in 1980 to $12,591 in 1982. In addition, by using the airplane to increase his sales for Dixico petitioner assured himself of continued employment with the company. Thus, we find nothing to suggest that the amount of travel expenses in 1980 were unreasonable in relation to their purpose. Accordingly, we conclude that petitioner's travel expenses are necessary and reasonable business expenses deductible under section 162. [4]
With respect to the entertainment expenses, respondent's sole contention is that petitioner failed to satisfy the substantiation requirements of section 274(d).[5] *409 Section 274(d) provides that no deduction shall be allowed for travel, entertainment, or gift expenses unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement the amount, time, place, business purpose of the expenses and the business relationship to the taxpayer of persons entertained. Respondent only argues that petitioner failed to substantiate that there was a business purpose for the entertainment expenses. For the following reasons, we agree. *410 In order to constitute an adequate record of business purpose, a written statement is generally required unless the business purpose is evident from the surrounding facts and circumstances. Sec. 1.274-5(c)(2)(ii)(b), Income Tax Regs. Absent adequate records, the taxpayer may establish a business purpose by other sufficient evidence including his own statement containing specific information in detail together with other corroborative evidence. Sec. 1.274-5(c)(3)(i) and (ii), Income Tax Regs.
The entertainment expenses were incurred to take petitioner's clients on scenic flights and fishing trips. Petitioner has failed to present any evidence that business was ever discussed with his clients during these airplane flights or fishing trips. Petitioner's flight log only shows the name of the client who accompanied petitioner and when the trip took place. It does not include any statements concerning a business purpose. Since section 274 requires petitioner to show that the predominant purpose of the entertainment expenses was to further his business and that the mere generating of *411 "goodwill" is not enough, Andress v. Commissioner,51 T.C. 863, 869 (1969), affd. 423 F.2d 679 (5th Cir. 1970), we conclude that petitioners failed to satisfy the substantiation requirements of section 274(d) for the entertainment expenses. Accordingly, petitioners are not entitled to a deduction for these expenses under section 162.
To reflect concessions and the foregoing, [6]
Decision will be entered under Rule 155.
Footnotes
1. Petitioner incurred total airplane expenses of $16,765 in 1980. Since Dixico reimbursed him $1,852, petitioner's deduction was $14,913. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. Respondent concedes that if we find that the travel expenses were necessary and reasonable business expenses then the qualification expenses are likewise necessary and reasonable business expenses.↩
4. Based on respondent's concession that all of the airplane expenses are ordinary (see text supra) and his concession in n. 3, we conclude that the qualification expenses are likewise deductible under sec. 162↩.
5. Petitioner argues in his reply brief that respondent conceded this issue in the stipulation of facts. After careful consideration of the entire record, we conclude that respondent only conceded that the payment of the airplane expenses was substantiated, not that petitioners satisfied the substantiation requirements of sec. 274. See The South Bay Corporation v. Commissioner,345 F.2d 698, 707 (2d Cir. 1965), affg. in part and revg. and remanding in part 41 T.C. 888 (1964); Wauwatosa Colony Inc. v. Commissioner,T.C. Memo. 1966-51↩. This conclusion is supported by the fact that petitioners addressed the substantiation issue in their opening brief.
6. In his notice of deficiency, respondent disallowed petitioners' investment credit of $3,580. Respondent, however, has not addressed this issue in either one of his briefs. Since we have found that petitioner used the airplane for business purposes, we see no reason why petitioners are not entitled to an investment credit on a proportion of the purchase price of the airplane corresponding to the proportion of flying time that petitioner used the airplane for business purposes.This determination is an appropriate calculation for the parties under Rule 155, Tax Court Rules of Practice and Procedure.↩