PAUL R. & PAULA R. LEVINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levine v. Commissioner
Docket No. 9919-83.
United States Tax Court
T.C. Memo 1986-108; 1986 Tax Ct. Memo LEXIS 500; 51 T.C.M. (CCH) 651; T.C.M. (RIA) 86108; March 19, 1986. *500 Held: Petitioners are not entitled to deduct expenses of maintaining an office in their home, failed to substantiate claimed business entertainment expenses, and are liable for an addition to tax for negligence for the 1979 taxable year. Kenneth F. Kane, for the petitioners. C. Ellen Pilsecker, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined the following deficiencies and addition to tax: Addition to Tax
Year
Deficiency
[1] Section 6653(a) 1979
$5,646.00
$282.30
1980
3,998.14
After concessions by petitioners [2], the issues for our decision are: (1) Whether petitioners are *501 entitled to deductions for expenses attributable to maintaining an office in their home; (2) whether petitioners are entitled to deductions for business entertainment expenses; and (3) whether petitioners are liable for an addition to tax pursuant to section 6653(a) for the year 1979. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. For convenience, our Findings of Fact and Opinion are combined. Petitioners resided in Brockton, Massachusetts, at the time their petition was filed. As used hereinafter, petitioner in the singular refers to Paul R. Levine. [3] *502 During the years in issue, petitioner was employed by and president of, C. Itoh Shoe Company, Inc. (hereinafter Cisco), a New York corporation which imported footwear. Petitioner was responsible, in part, for the development and/or approval of Cisco's annual and long-range plans and of its routine and extraordinary product lines, the approval of sales contracts in the ordinary course of business, lines of credit up to $100,000, and the terms of payment and settlements of disputes of less than $10,000 with customers and factors. He was authorized to incur, and was reimbursed for, reasonable *503 expenses of promoting Cisco's business, including entertainment expenses. Petitioner's compensation by Cisco was $64,166.69 in 1979 and $62,082.85 in 1980. During the years in issue, petitioner was also the owner and sole employee of Ray Levine, Inc., a Massachusetts corporation engaged in the sale of footwear and retained by Cisco as an independent sales representative. Under the terms of the Independent Sales Representative Agreement (Agreement) between these corporations, Ray Levine, Inc. was required to maintain its own sales office and pay all expenses incurred by it. [4] *504 The record does not indicate what percent of petitioner's time was dedicated to the business of Ray Levine, Inc. as opposed to his employment by Cisco. Petitioner reported income of $62,121.77 and $48,590 from Ray Levine, Inc. in 1979 and 1980, respectively. Petitioners claimed a miscellaneous deduction for "use of home as warehouse, office, and selling base" of $7,040 on their 1979 Federal income tax return and of $7,850 on their 1980 return. In the statutory notice of deficiency, respondent disallowed in full these claimed deductions based on the determination that no expenses had been incurred in maintaining an office in the home. In the petition the claimed deductions are characterized exclusively as for maintenance of a home office. However, during trial and on brief petitioners advance the argument that the amounts disallowed represent expenses of entertainment in the home as well as maintenance of a home office. We will first address petitioners' claimed deductions for expenses incurred in maintaining an office in their home. Section 280A(a) provides as a general rule that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." However, section 280A(c)(1) sets forth the following exceptions to the general rule: (c) Exceptions for certain business or rental use; limitation on deductions for such use.-- (1) Certain business use.--Subsection *505 (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Neither corporation of which petitioner was an employee provided him with an office. [5] *506 Petitioners contend, however, that the home office expenses were incurred in connection with petitioner's work for Ray Levine, Inc. only. Respondent does not dispute that such work constituted a trade or business. During the years in issue petitioners lived in a three-level home which had a swimming pool. They contend that three areas of their home were used in conjunction with petitioner's work and expenses incurred which relate to these areas qualify for deduction under section 280A. Approximately 50 percent of the lower level or basement of petitioners' home was walled off and converted into a showroom containing a seating area, racks, and shelves displaying Cisco footwear. Petitioner used this area to show customers Cisco's product line he sold and, in some cases, to write orders. The record does not specifically quantify the frequency or regularity of this use. The second level of petitioners' home was comprised of three bedrooms one of which had been converted to an office and contained a typewriter, desk, files, and telephone. The sales and financial records of Ray Levine, Inc., which were maintained by Mrs. Levine, were kept in this room. Mrs. Levine used the *507 office daily, sometimes telephoning her husband when he was out on sales calls. The third area used in conjunction with petitioner's business was part of the oversized garage which was used to part a car owned by Ray Levine, Inc. and contained a workbench where petitioner wrapped and unwrapped packages he received almost daily. The area used in this manner was not walled off from the remaining garage. Petitioners and respondent each advanced cogent arguments supporting their respective positions that use of the three areas of petitioners' home described above did or did not come within the exceptions set forth in section 280A(c)(1). However, we need not decide which party's position is, on balance, most persuasive since, even had petitioners demonstrated that any or all three areas of their home qualified within one of the exceptions of section 280A(c), we would be unable to allow the claimed deductions. This Court has long recognized that where a taxpayer has made a claim for a deduction for a home office, that taxpayer has the burden of proving the amount of expenses incurred for maintaining the residence in which the office is located and the portion of those expenses that *508 are properly applicable to business use. See Gino v. Commissioner,60 T.C. 304, 313-314 (1973), revd. on other grounds 538 F.2d 833 (9th Cir. 1976). Petitioners failed to offer adequate proof of expenses incurred or any reasonable basis on which to allocate said expenses. [6] *509 Similarly, petitioners did not offer proof of their basis in their home which is an essential prerequisite to allowing any depreciation deduction. Based on petitioners' failure to prove their entitlement to any home office deduction, we sustain respondent's disallowance of these deductions for the years in issue. We turn now to the second type of business expenses petitioners seek to deduct, i.e., expenses for business entertainment in their home. Early in his sales career, petitioner found that it was advantageous to entertain customers and business associates in a social atmosphere in his home. Petitioner called on approximately 20 customers regularly and, during any year, he would entertain approximately 12 of these customers in his home. Additionally, executives of Cisco and other high ranking corporate officials of Taiwanese companies would be guests in petitioners' home. To create a relaxed atmosphere, petitioner would invite his customers and business associates to his home on weekends or weekday evenings and entertain them, their wives, children, and other relatives. During these weekend and evening entertainments, business was generally discussed and, at times, petitioner's customers would review his product line in the basement. While orders were written on some occasions, the record does not indicate the frequency or significance of this activity. In order to be entitled to deduct entertainment expenses, *510 petitioners must demonstrate that the requirements of Code sections 162 and 274 have been met. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 162 allows a deduction for ordinary and necessary business expenses. Section 274 is a disallowance provision: it operates to disallow expenses which have been shown to be deductible under another section of the Code. Andress v. Commissioner,51 T.C. 863, 866 (1969), affd. per curiam 423 F.2d 679 (5th Cir. 1970). Section 274(d)(2) provides that a taxpayer must substantiate by adequate records or sufficient evidence corroborating his or her statements the following elements of all claimed entertainment expenses: the amount, time and place, and business purpose of the expenditures as well as the business relationship to the taxpayer of the persons entertained. See sections 1.274-5(b)(3) and 1.274-5(c)(2) and (3), Income Tax Regs. These strict requirements for deductibility were intended by Congress to overrule the so-called Cohan rule ( Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930)) which enabled the Court in certain circumstances to make an approximation of a deductible expense.See Dowell v. United States,522 F.2d 708 (5th Cir. 1975). *511 Mere estimates of expenses and uncorroborated oral testimony are insufficient to satisfy the requirements of section 274(d). Sanford v. Commissioner,supra at 831; Andress v. Commissioner,supra at 869. [7] Mrs. Levine estimated business entertainment in the home including use of the family swimming pool and dinners or other refreshments, occurred approximately 60 times a year. She further estimated that an afternoon with couples at the pool would cost approximately $30 whereas a full dinner with all the embellishments involved an expense of $55 to $75. While we question the deductibility of all expenses claimed in conjunction with petitioners' home entertainment, we need not determine what percent, if any, constitutes bona fide business entertainment since petitioners have failed in any way to provide the requisite expense substantiation. [8] We also do not need to address respondent's alternative argument that petitioners' home entertainment expenses were not directly related to or associated with *512 the active conduct of petitioner's trade or business and, therefore, would not be deductible even if substantiated. Petitioners candidly admit that "strict compliance with record keeping requirements is not present." They argue, however, that circumstances exist which mitigate against demanding full compliance with section 274(d) substantiation requirements. According to petitioners, such circumstances include the facts that (1) the estimates of Mrs. Levine are "extremely educated recollection[s]" and "essentially the equivalent of a 'contemporaneous diary' admittedly without specific names relating to specific dates"; (2) the 60 occasions estimated were not challenged by respondent; and (3) the estimated number and per-occasion cost of $100 *513 were reasonable. [9] These facts do not mitigate against requiring full compliance with section 274(d) or exculpate petitioners from their failure to do so. Petitioners' reliance on Howard v. Commissioner,T.C. Memo. 1981-250, for the proposition that failure to observe the stringent requirements of section 274 is not fatal is misplaced. In that case, the taxpayers substantiated the amounts claimed as deductions, the corporate employer had explicitly adopted a policy requiring the taxpayer to entertain in the home, business dinners were held rather infrequently and usually on a weekday night after the conclusion of the day's business, the taxpayers did not seek deductions for a significant amount of their social entertainment and the surroundings in which the food and beverages were furnished were conducive to the business purpose of the function. Similar circumstances do not exist in this case. Having failed to substantiate any of the claimed home entertainment expenses, we sustain respondent' disallowance of these deductions. The final *514 issue for consideration is petitioner's liability for an addition to tax for the year 1979 pursuant to section 6653(a). Petitioners bear the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Respondent's determination of negligence rests on petitioners' failure to report interest income from five bank accounts during 1979 and failure to maintain records to substantiate claimed deductions. Although the addition to tax for negligence was challenged in the petition, thereafter it was not addressed by petitioners. Consequently, we sustain respondent's determination that petitioners are liable for an addition to tax for negligence pursuant to section 6653(a). Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In the stipulation, petitioners conceded that they failed to report interest income received from five bank accounts during 1979 in the amount of $3,173.00. This interest income is in addition to the $6,728 of interest income reported on petitioners' 1979 Federal income tax return. Petitioners also conceded they had received $58 of unreported dividend income during 1979.↩
3. On brief petitioners assert that petitioner Paul R. Levine "was unable to testify on his own behalf because of medical reasons." The record does not support this statement. The Court denied petitioners' Motion for Continuance filed 3 days before trial when respondent's counsel advised the Court that, based on a conversation with petitioner's doctor, the health problems cited as the basis for the requested continuance were not serious. Petitioners' representative at the hearing on the Motion for Continuance confirmed that petitioner's mild stroke had occurred 6 months earlier and that petitioner had recovered sufficiently to return to work, at least on a part-time basis. In denying petitioners' Motion, the Court advised petitioners' representative that if he felt that Paul R. Levine really could not testify because of medical reasons, he could refile a Motion for Continuance, call petitioner's doctor as a witness to so testify and the Court would reconsider the question of petitioner's fitness to testify. Petitioners did not pursue this avenue. Based on this chronology, the record does not indicate petitioner was unable to testify.
4. The Agreement represents that Ray Levine, Inc. maintained a commercial occupancy and a commercial telephone listing. However, petitioners' home address is listed as the address of Ray Levine, Inc. and, despite the representation in the Agreement, the record does not indicate that any commercial occupancy or telephone was ever maintained by Ray Levine, Inc.
5. Respondent notes that on Ray Levine, Inc.'s Federal income tax returns for the years in issue deductions were taken for rents and argues that these may represent an office provided to petitioner. We accept Mrs. Levine's explanation that petitioner frequently traveled to New York and found it easier and less expensive to rent an apartment and that the corporation's deductions represent such apartment rental expenses.
6. Utility expenses for 1979 were stipulated to by the parties but no reliable allocation basis was provided especially in light of the fact that at least a portion of this expense relates to the maintenance of petitioners' swimming pool. As to any other expenses, the record is silent or inadequate. Mrs. Levine's uncorroborated testimony as to other expenses in 1979 is insufficient and no documentary evidence of these expenses was proffered. No evidence as to any expense for 1980 was introduced. Petitioners' contention on brief that expenses in 1980 were comparable is not adequate to justify extrapolation to that year from 1979 even if expenses for 1979 had been substantiated.
7. See Anderson v. Commissioner,T.C. Memo. 1982-475; Woosley v. Commissioner,T.C. Memo. 1982-316; Miller v. Commissioner, T.C. memo 1980-136; Perkins v. Commissioner,T.C. Memo. 1979-277↩.
8. Our skepticism as to the deductibility of all home entertainment expenses asserted is based on two factors: petitioners assert that they did not entertain socially and attempt to deduct all costs of all entertaining in the home while conceding that petitioner's customers and business associates were also his social friends. The fact that one does business with an individual does not preclude interacting with that person as on a social basis.↩
9. We question the assertion that these amounts are reasonable given Mrs. Levine's testimony that each occasion cost between $30 and $75, not $100.↩